**DISMISS; and Opinion Filed October 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00458-CV

### CLEO JACKSON AND CHERYL JACKSON, Appellants

### V.

### AH4R-TX2, LLC, Appellee

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-01676-E**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice Lang-Miers

Pro se appellants Cleo Jackson and Cheryl Jackson appeal the trial court's judgment awarding possession of real property to appellee AH4R-TX2, LLC. The Court previously determined that appellants' brief was deficient and instructed them to file an amended brief that complies with the Texas Rules of Appellate Procedure.[1] Our notice to appellants stated that their "[f]ailure to file an amended brief that comp[li]es with the Texas Rules of Appe[]llate Procedure within 10 days of the date of this letter may result in dismissal of this appeal without further notice from the Court." Appellants did not file an amended brief. Because the appellants' brief does not comply with long-established briefing rules, we dismiss appellants' appeal.

---

[1] Appellee has not filed a brief in this Court.

## BACKGROUND AND APPLICABLE LAW

Appellee filed a forcible entry and detainer action against appellants seeking possession of real property located at 210 Trees Drive in Cedar Hill, Texas. The trial court awarded possession to appellee and appellants appealed. Appellants, representing themselves, filed an appellants' brief.[2]

Parties to civil litigation in Texas may represent themselves at trial or on appeal. TEX. R. CIV. P. 7; *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). The right of self-representation carries with it the responsibility to comply with our rules of procedure and evidence, including the rules of appellate procedure if parties choose to represent themselves at the appellate level. *Bolling*, 315 S.W.3d at 895; *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Courts regularly caution pro se litigants that courts will not treat them differently than a party who is represented by a licensed attorney. *See Mansfield*, 573 S.W.2d at 184–85; *Bolling*, 315 S.W.3d at 895.

**Briefing Rules**

Our appellate rules have specific requirements for briefing. *See* TEX. R. APP. P. 38. The rules require appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and in fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record. TEX. R. APP. P. 38.1(f), (h), (i).

Rule 38.1(f) requires appellants to articulate the issues we will be asked to decide. TEX. R. APP. P. 38.1(f). We must be able to discern from our perspective what questions of law we will be answering. The brief fails if we have to speculate or guess about the appellants'

---

[2] Although appellants title their brief "Appellee/Petitioner's Opening Brief" and refer to themselves as appellees, they are the parties "taking an appeal to an appellate court." TEX. R. APP. P. 3.1(a).

contentions. *Bolling*, 315 S.W.3d at 896. In addition, appellants must support statements of fact with direct references to the record that precisely locate the fact asserted. The brief fails if it does not include record references. *Id.*

**Our Review of Compliance with Briefing Rules**

Parties must provide proper briefing to us before we can discharge our responsibility to review an appeal and make a decision that disposes of an appeal. *Id.* at 895. We are not responsible for identifying possible trial court error, for searching the record for facts that may be favorable to a party's position, or for doing legal research that might support a party's contentions. *Id.*; *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994). Were we to do so, even for a pro se litigant who is untrained in law, we would be abandoning our role as judges and become that party's advocate. *Bolling*, 315 S.W.3d at 895.

When deciding whether an appellant's brief is deficient, we do not adhere to any rigid rules about the form of a brief but we do examine briefs for compliance with the briefing rules. After a close examination, if we can conclude that a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and a decision on the merits. *Id.* If we cannot, we may dismiss the appeal as we are authorized to do by our appellate rules. TEX. R. APP. P. 43.2; *Bolling*, 315 S.W.3d at 895–96.

DISCUSSION

Appellants filed a deficient brief. The Clerk of the Court sent appellants written notice that their brief was deficient in thirteen different ways:

- It does not contain a complete list of all parties to the trial court['s] judgment or appealable order with the names and addresses of all trial and appellate counsel. TEX. R. APP. P. 38.1(a).

- It does not contain a table of contents with references to the pages of the brief. TEX. R. APP. P. 38.1(b).

–3–

- The table of contents does not indicate the subject matter of each issue or point, or group of issues or points. TEX. R. APP. P. 38.1(b).

- It does not contain an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited. TEX. R. APP. P. 38.1(c).

- It does not contain a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references. TEX. R. APP. P. 38.1(d).

- It does not concisely state all issues or points presented for review. TEX. R. APP. P. 38.1(f).

- It does not contain a concise statement of the facts supported by record references. TEX. R. APP. P. 38.1(g).

- The argument does not contain appropriate citations to the record. TEX. R. APP. P. 38.1(i).

- It does not contain a proper certificate of service. TEX. R. APP. P. 9.5(e)(2)[, ](3).

- One or more of the following is omitted from the appendix. TEX. R. APP. P. 38.1(k).

  - The trial court's judgment. TEX. R. APP. P. 38.1(k)(1)(A).

  - The jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any. TEX. R. APP. P. 38.1(k)(1)(B).

  - The text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based. TEX. R. APP. P. 38.1(k)(1)(C).

  - The text of any contract or other document that is central to the argument. TEX. R. APP. P. 38.1(k)(1)(C).

To date, appellants have not filed an amended brief or otherwise communicated with the Court. Because appellants have failed to comply with the briefing requirements of our appellate rules after having been advised of the deficiencies and given the opportunity to comply, we dismiss appellants' appeal.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

130458F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLEO JACKSON AND CHERYL
JACKSON, Appellants

No. 05-13-00458-CV     V.

AH4R-TX2, LLC, Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-13-01676-E.
Opinion delivered by Justice Lang-Miers,
Justices O'Neill and Brown participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee AH4R-TX2, LLC recover its costs of this appeal from appellants CLEO JACKSON AND CHERYL JACKSON.

Judgment entered this 22nd day of October, 2014.