**DISMISS; and Opinion Filed December 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01554-CV

### WALTER S. MITCHELL III, Appellant
### V.
### DALLAS COUNTY, Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-02171**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice O'Neill

Pro se appellant Walter S. Mitchell III appeals the trial court's judgment denying his bill of review. The Court previously determined that appellant's brief was deficient and instructed him to file an amended brief that complies with the Texas Rules of Appellate Procedure. Our notice to appellant stated that the failure to file an amended brief that complied with the Texas Rules of Appellate Procedure could result in dismissal of his appeal without further notice from the Court. On March 28, 2013, we ordered appellant to file a corrected brief within thirty days. Appellant did not file an amended brief.[1] Because appellant's brief does not comply with long-established briefing rules, we dismiss his appeal.

---

[1] Appellee has not filed a brief. *See* TEX. R. APP. P. 38.6(b). Instead, appellee requested by letter that we dismiss the appeal, noting appellant's failure to file a corrected brief and the pending date for submission of the case.

## BACKGROUND AND APPLICABLE LAW

Appellee and others obtained a judgment against appellant in a suit to recover delinquent taxes. Appellant sought a bill of review in the trial court to vacate the judgment and to declare void any liens against his property. After a hearing, the trial court denied the bill of review and made findings of fact and conclusions of law. Representing himself, appellant appealed and filed an appellant's brief.

Parties to civil litigation in Texas may represent themselves at trial or on appeal. TEX. R. CIV. P. 7; *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). The right of self-representation carries with it the responsibility to comply with our rules of procedure and evidence, including the rules of appellate procedure if the parties choose to represent themselves at the appellate level. *Bolling*, 315 S.W.3d at 895; *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978).

Rule 38.1 of the rules of appellate procedure requires an appellant to state concisely the complaint he may have, provide understandable, succinct, and clear argument for why the complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with record references that are appropriate. TEX. R. APP. P. 38.1(f)–(i). Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other. We are not responsible for identifying possible trial court error. *Bolling*, 315 S.W.3d at 895. Were we to search the record for facts favorable to a party's position or to do legal research that might support a party's contention, even for a litigant untrained in the law, we would be abandoning our role as judges to become an advocate for that party. *Id.*

As we explained in *Bolling*, we do not adhere to any rigid rules about the form of a brief when deciding whether an appellant's brief is deficient. *Id.* We do, however, examine briefs for

compliance with the briefing rules.  We examine every brief closely.  If we can conclude that a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and a decision on the merits.  If we cannot, we may dismiss the appeal as we are authorized to do by our appellate rules.  TEX. R. APP. P. 42.3; *see Bolling*, 315 S.W.3d at 895–96.

## DISCUSSION

In this case, Mitchell filed a deficient brief.  The clerk of the court sent Mitchell written notice that his appellant's brief was deficient for, among other things, (1) failure to concisely state all issues or points presented for review; (2) failure to contain a concise statement of facts supported by record references; and (3) failure of the argument to contain appropriate citations to the record.  *See* TEX. R. APP. P. 38.1(f), (g), (i).  The March 21, 2013 notice informed appellant that failure to file an amended brief that complied with the Texas Rules of Appellate Procedure within ten days may result in dismissal of the appeal without further notice.  By order dated March 28, 2013, appellant was ordered to file a corrected brief within 30 days, giving him additional time to comply.  Appellant failed to file an amended brief and did not otherwise respond.

## CONCLUSION

Because appellant has failed to comply with the briefing rules contained in the rules of appellate procedure after having been given the opportunity to do so, we dismiss this appeal.  TEX. R. APP. P. 38.8(a)(1); 38.9(a).

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

121554F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WALTER S. MITCHELL III, Appellant

No. 05-12-01554-CV         V.

DALLAS COUNTY, Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-02171.
Opinion delivered by Justice O'Neill,
Justices Lang-Miers and Brown
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee Dallas County recover its costs of this appeal from appellant WALTER S. MITCHELL III.

Judgment entered this 18th day of December, 2014.