**Dismissed and Opinion Filed August 15, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00314-CV

**MELISSA ROBINSON, Appellant**
**V.**
**DISRIE LEWIS AND CHARLIE PRICE, Appellees**

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-19513**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

Pro se appellant Melissa Robinson appeals the trial court's order denying her Motion to Modify the Parent-Child Relationship. The Court previously determined that appellant's brief was deficient and instructed her to file an amended brief that complies with the Texas Rules of Appellate Procedure. Our notice to appellant stated that her failure to file an amended brief that complies with the rules of appellate procedure within thirty days of the date of this order might result in the dismissal of the appeal without further notice. Appellant did not file an amended brief. Because appellant's brief does not comply with long-established briefing rules, we dismiss appellant's appeal.

## Background and Applicable Law

Appellant filed a Petition to Modify Parent-Child Relationship. The trial court denied appellant's motion and appellant appealed. Appellant, representing herself, filed an appellant's brief.

Parties to civil litigation in Texas may represent themselves at trial or on appeal. TEX. R. CIV. P. 7; *Jackson v. AH4R-TX2, LLC*, 05-13-00458-CV, 2014 WL 6561891, at \*1 (Tex. App.—Dallas Oct. 22, 2014, no pet.); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). The right of self-representation carries with it the responsibility to comply with our rules of procedure and evidence, including the rules of appellate procedure if parties choose to represent themselves at the appellate level. *Bolling*, 315 S.W.3d at 895; *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Courts regularly caution pro se litigants that courts will not treat them differently than a party who is represented by a licensed attorney. *See Mansfield*, 573 S.W.2d at 184–85; *Bolling*, 315 S.W.3d at 895.

### A. Briefing Rules

Our appellate rules have specific requirements for briefing. *See* TEX. R. APP. P. 38. The rules require appellant to state concisely her complaints, to provide succinct, clear, and accurate arguments for why her complaints have merit in law and in fact, to cite legal authority that is applicable to her complaints, and to cite appropriate references in the record. TEX. R. APP. P. 38.1(f), (h), (i).

Rule 38.1(f) requires appellant to concisely articulate the issues we will be asked to decide. TEX. R. APP. P. 38.1(f). The brief fails if we have to speculate or guess about the appellant's contentions. *Bolling*, 315 S.W.3d at 896. In addition, appellant must support

statements of fact with direct references to the record that precisely locate the fact asserted. TEX. R. APP. P. 38.1(g). The brief fails if it does not include record references. *Id.*

**B. Our Review of Compliance with Briefing Rules**

Parties must provide proper briefing to us before we can discharge our responsibility to review an appeal and make a decision that disposes of an appeal. *Id.* at 895. We are not responsible for identifying possible trial court error, for searching the record for facts that may be favorable to a party's position, or for doing legal research that might support a party's contentions. *Id.*; *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994). Were we to do so, even for a pro se litigant who is untrained in law, we would be abandoning our role as judges and become that party's advocate. *Bolling*, 315 S.W.3d at 895.

When deciding whether an appellant's brief is deficient, we do not adhere to any rigid rules about the form of a brief but we do examine briefs for compliance with the briefing rules. *Bolling*, 315 S.W.3d at 895. After a close examination, if we can conclude that a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and a decision on the merits. *Id.* If we cannot, we may dismiss the appeal as we are authorized to do by our appellate rules. TEX. R. APP. P. 43.2; *Bolling*, 315 S.W.3d at 895–96.

## Discussion

Appellant filed a deficient brief. In our May 23, 2016 order, we gave appellant notice that her brief was deficient in eleven ways:

- It does not contain a complete list of all parties to the trial courts' judgment or appealable order with the names and addresses of all trial and appellate counsel;

- It does not contain a table of contents with references to the pages of the brief;

- The table of contents does not indicate the subject matter of each issue or point, or group of issues or points;

- It does not contain an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited;

- It does not contain a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references;

- It does not concisely state all issues or points presented for review;

- It does not contain a concise statement of the facts supported by record references;

- It does not contain a succinct, clear, and accurate statement of the arguments made in the body of the brief;

- The argument does not contain appropriate citations to authorities;

- The argument does not contain appropriate citations to the record; and

- It does not contain a proper certificate of service.

*See* TEX. R. APP. P. 38.1.

We informed appellant that her appeal might be dismissed without further notice if she failed to file an amended brief complying with our rules within thirty days. To date, appellant has not filed an amended brief that complies with our rules or otherwise communicated with the Court. Because appellant has failed to comply with the briefing requirements of our appellate rules after having been advised of the deficiencies and given the opportunity to comply, we dismiss her appeal. *See* TEX. R. APP. P. 38.1, 42.3(c).


/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE


160314F.P05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MELISSA ROBINSON, Appellant

No. 05-16-00314-CV          V.

DISRIE LEWIS AND CHARLIE PRICE,
Appellees

On Appeal from the 302nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-11-19513.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, this appeal is **DISMISSED**.

It is **ORDERED** that appellees DISRIE LEWIS AND CHARLIE PRICE recover their costs of this appeal from appellant MELISSA ROBINSON.

Judgment entered August 15, 2016.