### Leslie and Julie BOLLING, Appellants,

v.

### FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT, City of Farmers Branch, and Dallas County, Appellees.

No. 05–08–01566–CV.

Court of Appeals of Texas, Dallas.

June 25, 2010.

Rehearing Overruled July 27, 2010.

Leslie Bolling, Addison, TX, for Appellants.

City Manager's Office, Farmers Branch, TX, Bridget Moreno, Charles Adren Caldwell, Edward Lopez, Jr., Linebarger, Goggan, Blair and Sampson, L.L.P., Daniel K. Bearden, Dallas, TX, for Appellees.

Before Justices MORRIS, FITZGERALD, and FRANCIS.

## OPINION

Opinion By Justice MORRIS.

After the trial court rendered judgment against appellants Leslie Bolling and Julie Bolling for delinquent property taxes, they appealed. Representing themselves without an attorney, they filed an appellants' brief. We notified them the brief was deficient and instructed them to file an amended brief that complied with the Texas Rules of Appellate Procedure. They filed an amended brief. Because their amended brief is also deficient and fails to comply with long-established briefing rules, we will dismiss their appeal.

In Texas, an individual who is a party to civil litigation has the right to represent himself at trial and on appeal. TEX.R. CIV. P. 7; *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex.1983) (orig.proceeding). The right of self-representation (or being what is commonly called a pro se litigant), carries with it the responsibility to adhere to our rules of evidence and procedure, including our appellate rules of procedure if the party chooses to represent himself at the appeal level. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978); *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.-Dallas 2004, pet. denied). Courts regularly caution pro se litigants that they will not be treated differently than a party who is represented by a licensed attorney. *See Mansfield*, 573 S.W.2d at 184–85; *In re N.E.B.*, 251 S.W.3d 211, 212 (Tex.App.-Dallas 2008, no pet.).

In this case, our notice to appellants stated that their "failure to file an amended brief that complies with the Texas Rules of Appellate Procedure within ten days will result in dismissal of the appeal without further notice." Our appellate rules have specific requirements for briefing. TEX.R.APP. P. 38. These rules require appellants to state concisely the complaint they may have, provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with record references that are appropriate. TEX.R.APP. P. 38.1(f), (h), and (i). Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other. We are not responsible for identifying possible trial court error. *See Canton–Carter v. Baylor College of Medicine*, 271 S.W.3d 928, 931 (Tex.App.-Houston [14th Dist.] 2008, no pet.). We are not responsible for searching the record for facts that may be favorable to a party's position. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex.1994); *Strange*, 126 S.W.3d at 678. And we are not responsible for doing the legal research that might support a party's contentions. *See Canton–Carter*, 271 S.W.3d at 931–32. Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become an advocate for that party. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.-El Paso 2007, no pet.).

When deciding whether an appellant's brief is deficient, we do not adhere to any rigid rule about the form of a brief. Pro se litigants may not be versed in the form of briefing favored by seasoned appellate practitioners. We do, however, examine briefs for compliance with prescribed briefing rules, including specifically, in this case, rule 38.1. TEX. R.APP. P. 38.1. And we examine every brief closely. If we can conclude a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and decision on the merits. If we cannot, we may dismiss the appeal as we

are authorized to do. Tex.R.App. P. 42.3. In this case, we conclude appellants, although given the opportunity, have failed to comply with our briefing rules.

■■■ To comply with rule 38.1(f), an appellant must articulate the issue we will be asked to decide. From our perspective, we must be able to discern what question of law we will be answering. If an appellant is unable to or does not articulate the question to be answered, then his brief fails at that point. If the issue is identified, then rule 38.1(i) calls for the brief to guide us through the appellant's argument with clear and understandable statements of the contentions being made. If we must speculate or guess about what contentions are being made, then the brief fails. Importantly, statements of fact must be supported by direct references to the record that are precise in locating the fact asserted. If record references are not made or are inaccurate, misstated, or misleading, the brief fails. And, just as importantly, existing legal authority applicable to the facts and the questions we are called on to answer must be accurately cited. References to legal authority that have nothing to do with the issue to be decided are contrary to the requirement of rule 38.1(i). References to sweeping statements of general law are rarely appropriate. If we are not provided with existing legal authority that can be applied to the facts of the case, the brief fails.

The following is the entirety of appellants' attempt to comply with rule 38.1(f) and (i), which they have labeled "Argument:"

Point 1: Plaintiff's attorney was notified prior service [CR Vol. 1 pages 99–102] of Defendants intent to depose by written questions. Plaintiff failed to respond to a properly served Subpoena Duces Tecum—Deposition By Written Questions.

Many attempts made by the service to collect this reasonable testimony went silent. [Tr. Vol. 2 pages 9–19, Exhibits A, B, C, D] [CR Vol. 1 pages 176–178; 214, 256–259]. Defendants have a right to this information much of allegedly their own and therefore, sought to compel Plaintiff's answers.

Plaintiff sought to quash and protect itself. The Court denying the Defendants access and sustaining the Plaintiff's failure in this instance triggered a Due Process violation [CR Vol. 2 pages 374–375]. Furthermore, Interrogatories delivered by mail to Plaintiff's attorney were not answered [CR Vol. 1 pages 261–266] [CR Vol. 2 376–384, 376], although Plaintiff's attorney, Mr. Bearden said he never received them.

Point 2: Texas Prop. Tax Code § 33.47. [CR Vol. 2 pages 385–388] Presuming the statute valid, the only way to conclude that it is a valid statute is where the condition precedent is that there exists an agreement between the parties—a commercial nexus. The Plaintiff produced no document satisfying the Statute of Frauds, Tex. Prop. Code § 112—that provides any commercial nexus, any agreement between the Plaintiff and the Defendant.

Therefore, if the statute upon which the Plaintiff relies is valid, then the Plaintiff's claim fails for lack of a commercial nexus and for failure to satisfy the Statute of Frauds.

Otherwise, if an agreement between the parties, a nexus, is not a condition precedent, that is necessarily read into this statute, then the statute itself fails on its face, for violation of the "takings clause," Texas Constitution, Article I, Sec. 17 and of Due Process.

Point 3: Subject Matter Jurisdiction. The Fundamental reality. Everything about "this state" depends upon *volun-*

*tary* agreement. The very threshold entrée into "this state" is *voluntary* agreement. *Ashwander;* FED.R.CIV.P. 9(a). Transactions in "this state" are based upon *voluntary* use of 31 U.S.C. § 5103 items. Asserting a *residence* in "this state" is purely *voluntary*. Self-identification as a "taxpayer" is a purely *voluntary* commercial transaction.

Thus, *compelled* agreement is the exact *antithesis* of the very soul of "this state." A coerced will is not evidence. THE LAW OF WILLS, §§ 5.7, 15.11. A coerced trust is not evidence. BOGERT §§ 42 at 434, 44 at 452 and n. 16. A coerced commercial transaction is not evidence. U.C.C. § 1–103. A coerced confession is not evidence. *Escobedo; Miranda.* The coercive environment vitiates the very "evidence" it purports to create. [*Burger King Corp. v.*] *Rudzewicz,* 471 U.S. [462] at 486, 105 S.Ct. 2174 [85 L.Ed.2d 528 (1985)]; *Ohralik; Bates.* From the beginning the Appellant in many ways, have told Appellee "no"—they refuse to yield.

(emphasis in original).

Reading their "Argument" liberally, appellants attempt to present three issues. In "Point 1," appellants possibly are complaining that their "due process" rights were violated by a discretionary act of the trial court in denying a discovery request. The record references made by appellants in "Point 1" do not identify any signed order denying them requested discovery. Moreover, appellants never describe what due process right they may be talking about and certainly never identify or apply any law to any fact that might support such a complaint or give a hint about what they refer to. In "Point 2," we are presented with statements about the "commercial nexus" that appellants claim must exist before the property tax code has efficacy. The sole record reference in "Point 2" is to a copy of Leslie Bolling's motion to dismiss, and it provides us no guidance. Arguably, appellants may be contending that a section of the property tax code cannot be applied to them because of the absence of a "commercial nexus," which appears to be synonymous with a written agreement that they generally believe is required by the statute of frauds referred to in "Point 2." Appellants may also be trying to claim a section of the property tax code is facially unconstitutional. But, again, they cite no legal authority to be applied to any fact that might illuminate what grievance appellants are referring to specifically or might support their belief that a written agreement must exist between them and the taxing authorities before taxes can be imposed. In "Point 3," we face "The Fundamental Reality." We can only speculate about what appellants mean by using that phrase. And we are not enlightened by reference to "The Law of Wills" or by cited law that is inapplicable to the facts of the case. There is *no* record reference in "Point 3." Appellants seem to want to challenge the trial court's subject matter jurisdiction. They fail to do so by any briefing that would even remotely suggest the trial court did not have jurisdiction to render its judgment. Without adequate briefing, their claim is nothing more than a personal opinion. As such, it is not entitled to judicial review.

Because they have failed to comply with the briefing requirements of our appellate rules after having been given the opportunity to do so, we dismiss appellants' appeal.