02-11-071-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00071-CV

 

 


 
 
 Mohammad Saatnia
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Dariush Alirezaieyan
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 236th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          On
July 22, 2011, Appellant Mohammad Saatnia, pro se, tendered his brief to
this court.  We notified Saatnia that the brief was defective, specifically
listing the ways in which the brief did not comply with the rules of appellate
procedure and this court’s local rules; directed him to file an amended brief;
and informed him that the appeal could be dismissed if he failed to file an
amended brief that complied with the rules of appellate procedure and this
court’s local rules.  See Tex. R. App. P. 9.4(h), 38.1(d), (g), (i), (k),
38.8(a), 38.9(a), 42.3; 2nd Tex. App. (Fort Worth) Loc. R. 1.A, 1.A(8), 1.E.  On
October 3, 2011, after this court had granted Saatnia several extensions of
time to file an amended brief, and after Appellee Dariush Alirezaieyan had filed
a motion to dismiss this appeal on account of Saatnia’s failure to file a
compliant brief, Saatnia tendered an amended brief.  The brief is defective
because it does not comply with several rules of appellate procedure.  See
Tex. R. App. P. 9.4(h), 38.1(d), (g), (i), (k).

          In
Texas, an individual who is a party to civil litigation has the right to
represent himself at trial and on appeal.  See Tex. R. Civ. P. 7; Bolling
v. Farmers Branch ISD, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no
pet.).  But the right to self-representation carries with it the responsibility
to adhere to the rules of evidence and procedure, including the rules of
appellate procedure if the party chooses to represent himself on appeal.  See
Bolling, 315 S.W.3d at 895.  An appellate court cannot discharge its
responsibility to review and dispose of an appeal on the merits without proper
briefing.  Id.  If an appellant fails to comply with a requirement of
appellate rules, a court order, or a notice from the clerk requiring a response
or other action within a specified time, the court may dismiss the appeal on
appellee’s motion or on the court’s own initiative, provided the court gives
ten days’ notice to all parties.  Tex. R. App. P. 42.3(c).

          Because
Saatnia has failed to comply with the rules of appellate procedure and this court’s
notifications to file an amended brief that complies with the rules of
appellate procedure, we grant Alirezaieyan’s motion to dismiss this appeal,
strike Saatnia’s briefs, and dismiss this appeal.  See Tex. R. App. P. 42.3(c),
43.2(f).  There are no pending motions as of the date of this memorandum
opinion.

 

 

PER CURIAM

 

PANEL: 
MEIER,
J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DELIVERED:  October 13, 2011









[1]See Tex. R. App. P. 47.4.