AFFIRMED; Opinion Filed July 24, 2013.



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-12-01193-CV

**JUANITA J. GAROFALO, Appellant**
**V.**
**CHECK INTO CASH OF TEXAS, LLC, Appellee**

On Appeal from the County Court at Law No. 6
Collin County, Texas
Trial Court Cause No. 006-1473-2012

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

Juanita J. Garofalo, representing herself without an attorney, appeals from the trial court's final judgment that she take nothing on her claims against appellee Check Into Cash of Texas, LLC. The judgment also awarded appellee damages and attorney's fees on its counterclaim. In five points of error, appellant generally contends that the trial court erred in excluding certain evidence. The facts of this case are well known to the parties and we do not recite them here. Further, because all dispositive issues are clearly settled in law, we issue this memorandum opinion pursuant to rule 47.4 of the Texas Rules of Appellate Procedure. Having reviewed the record and concluded appellant has failed to demonstrate any reversible error, we affirm the trial court's judgment.

This dispute arose from a loan transaction between the parties. After appellant defaulted on the loan, the truck she had pledged as security for the loan was repossessed by appellee.

Appellant then sued appellee in small claims court asserting intentional infliction of emotional distress and alleging the wrongful repossession of her vehicle. Appellee counterclaimed for the outstanding balance due on the loan and attorney's fees. After a trial, the small claims court rendered a take-nothing judgment on appellant's suit and awarded appellee damages and attorney's fees on its counterclaim. Appellant appealed the judgment to the county court at law, and, following a non-jury trial, the county court also rendered an adverse judgment on appellant's claims and awarded appellee damages and attorney's fees on its counterclaim. This appeal ensued.

Although appellant concedes in her amended appellate brief that she failed to make her loan payment when due, she asserts that her reasons for nonpayment establish that appellee's repossession of her truck was wrongful and intentionally malicious. In her five points of error, appellant generally complains that the trial court erred in excluding certain evidence at trial. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). We must uphold the ruling if the record shows any legitimate basis supporting the trial court's ruling. *See id.* Even if we determine the trial court's evidentiary ruling is erroneous, we may not reverse the trial court unless the error probably caused rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1); *Malone*, 972 S.W.2d at 43.

In her first point of error, appellant asserts the trial court erred in excluding evidence at trial that she previously presented to the trial court as attachments to her response to appellee's motion for summary judgment. She further contends it was error for the trial court to determine there was a fact issue precluding summary judgment in appellees' favor but not consider her summary judgment evidence at trial. The trial court's hearing on appellee's summary judgment motion was a separate and distinct proceeding heard immediately before the trial on the merits.

–2–

The trial court's ruling denying appellee's summary judgment motion merely indicated that appellee did not meet its summary judgment burden of establishing that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law on the issues expressly set out in the motion. *See* TEX. R. CIV. P. 166a(c). The mere fact that appellant attached certain documents and other items to her response to appellee's motion for summary judgment did not relieve appellant of her burden at the trial to introduce probative and relevant evidence to support her claims and defenses in accordance with the Texas Rules of Evidence. To the extent that appellant asserts the trial court was required to consider the attachments to her summary judgment response at the trial without these documents and other attachments being properly admitted into evidence, her contention is not well-taken and she provides no legal authority to support such a position. We overrule appellant's first point of error.[1]

With respect to her remaining four points of error, appellant specifically challenges the exclusion of evidence regarding (1) her disability status and certain disability laws under which she claims she was entitled to protection, (2) "the specific ***situation*** that [appellant] finds protection under stated elements and authorities, laws, and statutes," (3) "[appellee's] admission to having caused damages stated in PLAINTIFF'S STATEMENT OF CLAIM," and (4) "precedent of malice and intent as a contributing factor to [appellee's] willful disregard of protective elements and authorities, laws, and statutes . . . ." Our review of the reporter's record indicates that the only excluded evidence that appellant attempted to admit at trial were repair documents for appellant's truck,[2] a Wikipedia definition regarding psychological injury, a

---

[1] Appellant also complains under this point of error that the trial court's final judgment incorrectly states that the matter was heard on July 26, 2012. The reporter's record indicates that the summary judgment hearing and trial were held on August 9, 2013. However, appellant has made no attempt to show how this clerical error in the judgment resulted in reversible error. *See* Tex. R. App. P. 44.1(a).

[2] These documents were not marked for identification and do not appear among the list of exhibits offered by plaintiff in the exhibit volume of the reporter's record. However, the reporter's record reflects the trial court sustained appellee's hearsay and relevancy objections to the documents.

prescription requesting permanent handicap placards, a radiologist report, audio recording of an employee of appellee, a list of appellant's medications, and two law excerpts.[3] The trial court sustained appellee's various authentication, relevancy, and hearsay objections to this proffered evidence.

While asserting the trial court erred in excluding this evidence, appellant's amended brief provides no argument, discussion, or legal authority to support her contentions, nor does she address or provide any legal analysis concerning the objections appellee raised to the evidence she offered at trial or explain why the trial court erred in sustaining such objections. Moreover, appellant presents no argument or discussion with respect to how the excluded evidence probably caused rendition of an improper judgment on her claims or appellee's counterclaim. Further, our review of the record reveals that some of the evidence appellant asserts was improperly excluded was in fact never offered into evidence at the trial.

Our appellate rules have specific briefing provisions that require appellant to state concisely the alleged error and provide an understandable, succinct, and clear argument to support her contentions, and cite and apply relevant law together with appropriate record citations. *See* TEX. R. APP. P. 38.1(f), (h), and (i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas, 2010, no pet.). Appellant filed her amended brief after we notified her by letter of various deficiencies in her original appellant's brief. Those deficiencies included, but were not limited to, a failure to contain a succinct, clear, and accurate statement of the arguments made in the body of the brief and the arguments' failure to contain appropriate citations to the record and authorities. Appellant has failed to comply with the briefing requirements of our appellate rules after having been given the opportunity to do so.

---

[3] Appellant apparently abandoned her attempt to admit into evidence the audio recording that was on her laptop when it appeared she would have to tender the entire laptop.

–4–

Because appellant's points of error two through five are inadequately briefed, they present nothing for our review. *See Cooper v. Cochran*, 288 S.W.3d 522, 530–31 (Tex. App.—Dallas 2009, no pet.).

Nevertheless, to the extent appellant's amended brief can be construed to argue that the excluded evidence necessarily precluded appellee from exercising its right of repossession under the parties' contract or established appellant's right to prevail on her affirmative claims, our review of the record does not support these contentions. Having failed to meet her burden of establishing that the trial court reversibly erred in excluding the evidence of which appellant complains, we overrule appellant's second, third, fourth, and fifth points of error.

We affirm the trial court's judgment.

121193F.P05

/David Evans/

DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUANITA J. GAROFALO, Appellant

No. 05-12-01193-CV      V.

CHECK INTO CASH OF TEXAS, LLC,
Appellee

On Appeal from the County Court at Law
No. 6, Collin County, Texas
Trial Court Cause No. 006-1473-2012.
Opinion delivered by Justice Evans,
Justices Lang and Myers participating.

       In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

       It is **ORDERED** that appellee CHECK INTO CASH OF TEXAS, LLC recover its costs
of this appeal from appellant JUANITA J. GAROFALO.


Judgment entered this 24th day of July, 2013.


/David Evans/
DAVID EVANS
JUSTICE