**DENY; and Opinion Filed June 25, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00684-CV

### IN RE ASHLEY LAMBERT CROEL, Relator

**Original Proceeding from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-51433-2010**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice O'Neill

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to vacate its order of dismissal, vacate an order granting attorney's fees to an ad litem appointed in the case, vacate an order of income withholding related to the order granting the ad litem's attorney's fees,  and set hearings on all of relator's live pleadings and that the Court further enjoin the trial court from dismissing relator's case without first considering her "timely challenges."  The facts and issues are well known to the parties, so we do not recount them here.

Relator's petition does not comply with the Texas Rules of Appellate Procedure.  The Texas Rules of Appellate Procedure have specific requirements for the form and contents of a petition for writ of mandamus. TEX. R. APP. P. 52.3.  As under rule 38.1, applicable to appellate briefs in general, applicants for extraordinary relief must state concisely the complaint they may have, provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with

record references that are appropriate. TEX. R. APP. P. 52.3(f), (g), (h), (i); s*ee also Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) (applying TEX. R. APP. P. 38.1(f), (h), and (i)). To comply with the rules of appellate procedure, the brief must "guide us through the appellant's argument with clear and understandable statements of the contentions being made." *Bolling*, 315 S.W.3d at 896. If the Court must speculate or guess about what contentions are being made, then the brief fails. *Id.* This Court is not responsible for identifying possible trial court error. *See Canton–Carter v. Baylor College of Medicine*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). This Court is also not responsible for searching the record for facts that may be favorable to a party's position. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994). Relator has failed to demonstrate why the orders from which she seeks relief constitute clear abuses of discretion by the trial court. Because relator has failed to comply with the requirements of rule 52.3, she has failed to show she is entitled to relief. TEX. R. APP. P. 52.8(a). Accordingly, we **DENY** the petition for writ of mandamus.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

140684F.P05