**AFFIRM; and Opinion Filed July 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00028-CV

### CYNTHIA PAROSKI, Appellant
### V.
### STAVICK2 INC. D/B/A TROPIX, Appellee

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-00206-2011**

## MEMORANDUM OPINION
Before Justices O'Neill, Myers, and Brown
Opinion by Justice O'Neill

Cynthia Paroski appeals the trial court's judgment in favor of Stavick2 Inc. d/b/a Tropix (Tropix). In several issues, Paroski generally contends the trial court erred in entering judgment against her because there was no enforceable contract between Tropix and the employee she hired, and (2) Tropix engaged in a fraudulent transfer. For the following reasons, we affirm the trial court's judgment.

George Love worked for Tropix, a pool cleaning company. In September 2010, Love asked for two weeks off. Because other Tropix techs had already asked for the same time off, Tropix denied Love's request. Love resigned and went to work for Paroski. On October 1, 2010, Paroski sent letters to certain Tropix's customers, informing them that Tropix had treated Love unfairly by denying him vacation time and refusing to pay him. The letter stated Love now

worked for Paroski and invited the readers to call Paroski for a quote. As a result, Tropix lost 18 customers.

Tropix sued Paroski on numerous grounds, including business disparagement, defamation, libel, tortious interference with an existing contract, and tortious interference with prospective relations. Although Tropix also sued Love, he was later nonsuited. Paroski filed counterclaims for malicious prosecution, intentional infliction of emotional distress, fraud, and defamation. Following a bench trial, the trial court found in favor of Tropix and against Paroski and awarded Tropix $6864 in actual damages. No party requested findings of fact and conclusions of law, and none were filed.

On appeal, Paroski claims the trial court erred by finding Paroski hired an employee that was under contract and Tropix engaged in fraudulent conduct. Paroski filed a brief; after reviewing her brief, we notified her it was deficient and instructed her to file an amended brief that complied with the Texas Rules of Appellate Procedure. She then filed an amended brief.

Our appellate rules have specific requirements for briefing. TEX. R. APP. P. 38. These rules require appellants to state concisely the complaint they may have, provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with record references that are appropriate. TEX. R. APP. P. 38.1(f), (h), and (i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). We may discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other only when we are provided with proper briefing. *Bolling*, 315 S.W.3d at 895. We are not responsible for identifying possible trial court error, searching the record for facts that may be favorable to a party's position, or doing the legal research that might support a party's contentions. *Id*. To do so is to abandon our role as judges and become an advocate for that party. *Id*.

To comply with rule 38.1(f), an appellant must articulate the issue we will be asked to decide. *Id*. at 896. We must be able to discern what question of law we will be answering. *Id*. Rule 38.1(i) calls for the brief to guide us through the appellant's argument with clear and understandable statements of the contentions being made. *Id*. Statements of fact must be supported by direct references to the record that are precise in locating the fact asserted, and an appellant must accurately cite existing legal authority applicable to the facts and the questions we are called on to answer. *Id*.

First, Paroski generally complains that the trial court erred in "finding" she hired an employee that was under contract with Tropix. She, however, fails to show the trial court made such a finding, fails to show such a finding was relevant to Tropix's claims for defamation or business disparagement or that such a finding was otherwise necessary to support the trial court's judgment. Under these circumstances, we conclude she has waived this complaint.

Paroski also complains Tropix engaged in a fraudulent transfer and specifically that Tropix was sold during trial. Paroski has again failed to explain why this issue is relevant to any of the grounds on which judgment was granted. She also fails to apply the law cited to the facts of this case. *See id*. ("References to legal authority that have nothing to do with the issue to be decided are contrary to the requirement of rule 38.1(i). References to sweeping statements of general law are rarely appropriate."). We likewise conclude she has waived this issue. We overrule issue three.

We affirm the trial court's judgment.

/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE

130028F.P05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CYNTHIA PAROSKI, Appellant

No. 05-13-00028-CV        V.

STAVICK2 INC. D/B/A TROPIX, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-00206-2011.
Opinion delivered by Justice O'Neill, Justices Myers and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee STAVICK2 INC. D/B/A TROPIX recover its costs of this appeal from appellant CYNTHIA PAROSKI.

Judgment entered this 30th day of July, 2014.