**Dismiss and Opinion Filed September 18, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-17-00860-CV

**1983 GMC SIERRA, TEXAS LICENSE PLATE BN98476, VIN # 1GTDC14HDS516823, AND DARRON LASHAWN COLLIER, Appellants**
**V.**
**THE STATE OF TEXAS, Appellee**

---

### No. 05-17-00861-CV

**THREE THOUSAND SIXTY SIX DOLLARS AND NO/100 ($3066.00) IN US CURRENCY AND DARRON LASHAWN COLLIER, Appellants**
**V.**
**THE STATE OF TEXAS, Appellee**

---

### No. 05-17-00862-CV

**2003 MERCEDES S5M, TEXAS LICENSE PLATE HPJ5319, VIN# WDBNG84J73A326961, AND DARRON LASHAWN COLLIER, Appellants**
**V.**
**THE STATE OF TEXAS, Appellee**

---

### No. 05-17-00863-CV

**2006 CADILLAC DTS, TEXAS LICENSE PLATE BJX0195, VIN# 1G6KD57Y06U118902, AND DARRON LASHAWN COLLIER, Appellants**
**V.**
**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause Nos. 96686-422; 96687-422; 96688-422; & 96689-422**

# MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

In these civil forfeiture cases, Darron Lashawn Collier appeals the trial court's summary judgments ordering three vehicles (a 1983 GMC Sierra, a 2003 Mercedes S5M, and a 2006 Cadillac DTS) and $3,066 in currency forfeited to the State of Texas. Appellant, representing himself, filed his brief on January 9, 2018. By order dated January 26, 2018, we informed appellant his brief was deficient because, among other things, it did not contain (1) a table of contents indicating the subject matter of each issue or point; (2) a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references; (3) a concise statement of facts supported by record references; and (4) an argument with appropriate citations to the record. *See* TEX. R. APP. P. 38.1(b), (d), (g), (h), (i). We ordered appellant to file an amended brief correcting the noted deficiencies and cautioned him that failure to comply may result in these appeals being dismissed without further notice. *See* TEX. R. APP. P. 38.8(a)(1); 42.3(b), (c). Appellant filed an amended brief, but it is also deficient.

Although individuals have the right to represent themselves as pro se litigants in civil cases, they are required to follow the same rules of appellate procedure that licensed attorneys are required to follow. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Appellate court judges are not responsible for "identifying possible trial court error" or favorable facts or law to support parties' contentions. *Id.* Importantly, under rule 38.1(f), the court "must be able to discern what question[s] of law [it] will be answering." *Id.* at 896. A brief fails if it does not articulate the issues to be answered by the court. *Id.* If a brief articulates the issues to be decided by the court, "then rule 38.1(i) calls for the brief to guide [the court] through the appellant's argument with clear and understandable statements of the contentions being made." *Id.* Under rule 38.1(i), appellant's argument must

make direct references to facts in the record and applicable legal authority. *Id.* A brief fails under rule 38.1(i) if the court must speculate or guess as to the contentions being made or if record references are not provided. *Id.*

Appellant's brief fails because, among other things, it requires us to speculate or guess as to the contentions being made. Appellant seems to contend his Fourth Amendment rights were violated when the officers executing a search warrant at his residence left the search warrant in his home instead of handing it to him personally. His argument, however, is four sentences long and does not contain any direct references to the facts in the record or otherwise mention the summary judgment nor does it contain any conclusion regarding the nature of the relief he seeks. While he cites two cases for the general proposition that police must, when practicable, obtain "advance judicial approval of searches and seizures through the warrant procedure" and the failure to do so can only be excused by exigent circumstances, he does not analyze how this law is relevant to the particular facts of this case. Without adequate briefing, appellant's claim is nothing more than a personal opinion. *See Bolling*, 315 S.W.3d at 897.

Appellant has failed to comply with the briefing requirements of our appellate rules after having been given an opportunity to do so. Accordingly, we dismiss these appeals. *See* TEX. R. APP. P. 38.8(a)(1); 42.3(b), (c).


/Molly Francis/
MOLLY FRANCIS
JUSTICE


170860F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

1983 GMC SIERRA, TEXAS LICENSE
PLATE BN98476,
VIN # 1GTDC14H2DS516823, and
DARRON LASHAWN COLLIER,
Appellants

No. 05-17-00860-CV          V.

STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 96686-422.
Opinion delivered by Justice Francis;
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered September 18, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THREE THOUSAND SIXTY SIX
DOLLARS AND NO/100 ($3066.00) IN
US CURRENCY and DARRON
LASHAWN COLLIER, Appellants

No. 05-17-00861-CV    V.

STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 96687-422.
Opinion delivered by Justice Francis;
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered September 18, 2018.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

2003 MERCEDES S5M, TEXAS
LICENSE PLATE HPJ5319, VIN #
WDBNG84J73A326961 and DARRON
LASHAWN COLLIER, Appellants

No. 05-17-00862-CV          V.

STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 96688-422.
Opinion delivered by Justice Francis;
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered September 18, 2018.

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

2006 CADILLAC DTS, TEXAS LICENSE PLATE BJX0195, VIN # 1G6KD57Y06U118902 and DARRON LASHAWN COLLIER, Appellants

No. 05-17-00863-CV       V.

STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 96689-422.
Opinion delivered by Justice Francis; Justices Bridges and Lang-Miers participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.


Judgment entered September 18, 2018.