**DISMISS and Opinion Filed October 10, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00668-CV

### DEDERIAN DEMOND HERRON, Appellant
### V.
### ABIGAIL SALVADOR MUNOZ, ET AL., Appellees

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-05553**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Evans, and Justice Brown
Opinion by Chief Justice Wright

Pro se appellant Dederian Herron appeals the trial court's summary judgment in this personal injury suit. On June 21, 2018, appellant filed a brief. By letter dated June 27, 2018, we informed appellant his brief failed to comply with the requirements of Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1. Specifically, the brief was deficient in that (1) it did not contain a statement of the case, course of proceedings, or the trial court's disposition of the case; (2) it did not concisely state all issues presented for review; (3) it did not contain a statement of facts with references to the record; (4) it did not contain a succinct, clear, and accurate summary of the arguments made in the body of the brief; (5) the argument did not contain appropriate citations to the record; and (6) it did not contain a short conclusion clearly stating the nature of the relief sought. *See id.* 38.1(d), (f), (g), (h), (i) and (j). We provided appellant an opportunity to file

an amended brief that complied with the requirements of appellate rule 38.1 no later than July 9, 2018 and cautioned him that failure to comply may result in dismissal of the appeal without further notice. *See id.* 38.8(a)(1); 42.3 (b), (c). On July 2, 2018 and October 2, 2018, appellant filed two different amended briefs, the former which contains his arguments and the latter containing only a list of parties and entities served with the document and a photograph of a damaged vehicle, captioned "Exhibit Z." Because the October 2, 2018 amended brief appears to be an attempt to attach "Exhibit Z" to appellant's July 2, 2018 brief, we will address the substance of only the July 2, 2018 ("amended brief"). For the reasons stated below, we conclude appellant's amended brief is also deficient and dismiss the appeal.

Although individuals have the right to represent themselves pro se in civil litigation, they are held to the same rules of appellate procedure that licensed attorneys are required to follow. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315, S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Appellate court judges are not responsible for "identifying possible trial court error" or for reviewing the record to find favorable facts that may support a party's position. *Id.* Importantly, under rule 38.1(f), the court "must be able to discern what question[s] of law [it] will be answering." *Id.* at 896. A brief fails if it does not articulate the issues to be answered by the court. *Id.* If a brief articulates the issues to be decided by the court, "then rule 38.1(i) calls for the brief to guide [the court] through the appellant's argument with clear and understandable statements of the contentions being made." *Id.* Under rule 38.1(i), appellant's argument must make direct references to facts in the record and applicable legal authority. *Id.* A brief fails under rule 38.1(i) if the court must speculate or guess if references to facts or legal authority "are not made or are inaccurate, misstated, or misleading." *Id.*

Appellant's brief contains allegations of negligence per se and urges this Court to grant his motion for summary judgment and approve his requested settlement award of $120,000,000.00.

The brief does not contain any citations to the record to support these allegations, nor does it contain a statement of facts. Instead, it contains argument without citations to the record and summaries of inapplicable case law. The brief is clearly deficient, leaving us to speculate or guess as to the contentions being made and whether they are meritorious. Because appellant has not provided the Court with existing legal authority that can be applied to the facts of the case, his brief fails. *See Bolling*, 315 S.W.3d at 896.

Appellant has failed to comply with the briefing requirements of our appellate rules after being given an opportunity to do so. Accordingly, we dismiss the appeal. *See* Tex. R. App. P. 38.8(a)(1); 42.3(b), (c).

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

180668F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DEDERIAN DEMOND HERRON,
Appellant

No. 05-18-00668-CV      V.

ABIGAIL SALVADOR MUNOZ, ET AL.,
Appellees

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-05553.
Opinion delivered by Chief Justice Wright.
Justices Evans and Brown participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered October 10, 2018.