**AFFIRM; Opinion Filed February 27, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01433-CV

**JARROD C. HAMMONDS, Appellant**
**V.**
**DALLAS COUNTY AND THE CITY OF DALLAS, Appellees**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-03328**

## MEMORANDUM OPINION

Before Justices Bridges, Whitehill, and Nowell
Opinion by Justice Nowell

Appellant Jarrod C. Hammonds appeals the trial court's order granting the plea to the jurisdiction and motion to dismiss filed by appellees Dallas County and the City of Dallas.[1] The trial court dismissed appellant's lawsuit without prejudice. Appellant raises four main issues, with additional sub-issues, which appear to challenge whether appellees asserted a valid plea to the jurisdiction, whether appellees failed to timely file an answer, whether the trial judge exhibited bias, whether appellees are immune from suit, and whether the trial court erred by holding appellant lacks standing.[2] After reviewing the record and law applicable to this case, we conclude

---

[1] The caption of Jarrod Hammonds' original petition lists Dallas County as the "Wrongdoer." The answer, plea to the jurisdiction, and motion to dismiss were filed by the City of Dallas and Dallas County, on its own behalf and on behalf of the Dallas County Community College District, the Parkland Hospital District, the Dallas County School Equalization Fund, the City of Duncanville, and the Duncanville Independent School District.

[2] Appellant phrases his four issues as follows:

appellant has inadequately briefed his issues on appeal and did not preserve his complaints for appeal. We affirm the trial court's judgment.

Appellant filed a "petition to vacate or void a judgment" against Dallas County on March 13, 2018. In his petition, appellant alleges the judgment in a different case, cause number TX-16-01866, was improperly entered on May 24, 2017, and he seeks to void that judgment. Appellees filed a plea to the jurisdiction and motion to dismiss; appellant did not respond. At the hearing on appellees' motion, appellant explained to the trial court judge that he sought to void the judgment in TX-16-01866 because he was not properly served and he desired a new trial in cause number TX-16-01866. The trial court judge explained she could not "undo another judge's order," and granted appellees' motion to dismiss.

On appeal, appellees argue appellant's brief is deficient and fails to comply with our briefing rules. We agree. Although parties to civil litigation may represent themselves, pro se litigants must adhere to our rules of evidence and procedure, including the appellate rules of procedure. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). While we do not require rigid adherence regarding the form of a brief, we examine briefs closely for compliance with rules that govern the content of appellate briefs. TEX. R. APP. P. 38.1; *Bolling*, 315 S.W.3d at 895. Our appellate rules require briefs to state concisely the nature, pertinent facts, and argument of their complaint with appropriate citations to legal authorities and the record. TEX. R. APP. P. 38.1 (d), (g), and (i). A brief fails if it lacks supportive citations to the

---

1. Does [sic] the Taxing Authorities have a valid plea to the jurisdiction claim, challenging whether the District Court has the ability to remedy or resolve the dispute at issue? That includes:
   - Whether the law requires the case to be dismissed or amended for the interest of justice;
   - Whether the law requires or enable [sic] the attorney for Dallas County Et Al [sic] to [sic] enter in evidence for a plea; and
   - Whether statement of counsel is considered evidence before the court,
2. Trial judge error, this includes:
   - Whether the law requires the attorney for Dallas County Et Al [sic] to enter an answer in a timely manner.
   - The District Court abused its judicial discretion by protecting a colleague, instead of fulfilling their oath to the public[.]
3. Is Dallas County Et Al [sic] immune from suit. [sic]
4. District Court erred in holding that Mr. Hammonds lacked standing where he sufficiently alleged that Defendant's [sic] conduct directly caused him to lose his home.

record or to relevant, applicable legal authority. TEX. R. APP. P. 38.1(g), (i); *Bolling*, 315 S.W.3d at 896 (stating references to irrelevant or sweeping legal authority do not comply with the rule). If a brief complies, we submit the appeal for review and decision on the merits; however, if it does not, we may dismiss the appeal. TEX. R. APP. P. 42.3; *Bolling*, 315 S.W.3d at 895-96.

Appellant's brief does not include any citations to the record or recite any facts concerning the plea to the jurisdiction granted by the trial court or any other issue about which appellant now complains. *See* TEX. R. APP. P. 38.1(g), (i). Appellant only recites facts—without any record citations—related to his underlying claim that he was deprived of his rights in a different matter. Additionally, appellant frequently fails to cite applicable legal authority to support his legal assertions. *See Bolling*, 315 S.W.3d at 896. Further, the complaints enumerated in appellant's brief, including that an attorney may not be a witness, the trial court judge did not address his motion for default judgment,[3] the trial court failed to rule on the plea to the jurisdiction in violation of the court's ministerial duties,[4] the judge exhibited bias, the plea to the jurisdiction was premature, and appellees "did not allege that the jurisdictional issues needed factual development" not only lack citations to the record and legal authorities, but were not raised in the trial court. These complaints have not been preserved for our review. *See* TEX. R. APP. P. 44.1.

Having failed to preserve several of his complaints for appeal and to comply with our briefing rules, we conclude appellant's brief presents nothing for our review. We overrule his four

---

[3] Although appellant filed a document titled "Entry of Default," the record does not show appellant brought the filing to the trial court's attention. *See In Interest of T.J.S.*, No. 05-15-00138-CV, 2016 WL 4131959, at *5 (Tex. App.—Dallas Aug. 2, 2016, no pet.) (mem. op.).

[4] The trial court entered an order on appellees' motion, which then gave rise to this appeal.

issues and affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

181433F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JARROD C. HAMMONDS, Appellant

No. 05-18-01433-CV     V.

DALLAS COUNTY AND THE CITY OF
DALLAS, Appellees

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-03328.
Opinion delivered by Justice Nowell.
Justices Bridges and Whitehill
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 27th day of February, 2020.