**DISMSIS and Opinion Filed January 11, 2021**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00327-CV

## RAKIYA R. E. AKWA- DIALLO AND ALPHA DIALLO CAMARA, Appellants

### V.

## CITY OF GARLAND, GARLAND INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY, AND RESOLUTION FINANCE, LLC, Appellees

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. TX-18-01505**

### MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Nowell
Opinion by Chief Justice Burns

Before the Court is Resolution Finance, LLC's motion to dismiss this appeal based on appellants' failure to file a brief that complies with the briefing requirements of the Texas Rules of Appellate Procedure.

Texas Rule of Appellate Procedure 38.1 sets forth the required contents for an appellant's brief. *See* TEX. R. APP. P. 38.1. In relevant part, the rule requires the brief to state concisely the issues being raised; provide understandable, succinct, and

clear argument for why the issues have merit in fact and law; be supported by references to the clerk's and reporter's records; and, cite and apply relevant legal authorities. *See id.* 38.1(f), (i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). If the appellate court is unable to discern or must guess what the issues are, the brief fails. *Bolling*, 315 S.W.3d at 896. A brief also fails if it does not include record references or citations to applicable legal authority. *Id.* A deficient brief need not be reviewed for a decision on the merits and may support dismissal of the appeal. *Id.* at 895-96.

Appellants, who are appearing pro se in this tax delinquency case, have filed two briefs. The first brief was wholly deficient, failing to include any of the required content. *See* TEX. R. APP. P. 38.1(a)-(k). Although we notified appellants of the deficiencies and directed them to file a compliant brief, their corrected brief is also deficient. Significantly, it presents no legal issues.

Appellants assert four bases for appealing in their one-and-a-half-page corrected brief: (1) they were informed by a clerk that they did not owe any taxes and they were unable to confirm this information with "the lawyers[;]" (2) they placed a "for sale" sign on the property, but the sign was removed by an unknown person; (3) they own no other property, and they are trying to sell this property to satisfy all debtors, including the IRS; and, (4) the agreement with Resolution Finance called for any disputes to be submitted to "a third party for an amicable resolution." This last basis is the closest to an issue, but it is (1) limited to one sentence – "Our

agreement with Resolution Finance was to submit any dispute to a third Party for an amicable resolution before any lawsuit, which did not occur in this case."; (2) unsupported by references to the record; and, (3) unsupported by legal authority demonstrating the failure to participate in alternative dispute resolution was harmful error, *see* TEX. R. APP. P. 44.1(a) (reversible error in civil cases).

A reviewing court may dismiss an appeal based on a deficient brief. *See Bolling*, 315 S.W.3d at 895-96. Although appellants filed a response to Resolution Finance's motion, they failed to provide any substantive argument that would support allowing the appeal to proceed or request another opportunity to file a compliant brief. Accordingly, because appellants' corrected brief is deficient, we grant the motion and dismiss the appeal. *See id.*

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

200327F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RAKIYA R. E. AKWA-DIALLO AND ALPHA DIALLO CAMARA, Appellants

No. 05-20-00327-CV

V.

CITY OF GARLAND, GARLAND INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY, AND RESOLUTION FINANCE, LLC, Appellees

On Appeal from the 193rd Judicial District Court, Dallas County, Texas Trial Court Cause No. TX-18-01505. Opinion delivered by Chief Justice Burns, Justices Molberg and Nowell participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellees City of Garland, Garland Independent School District, Dallas County, and Resolution Finance, LLC recover their costs, if any, of this appeal from appellants Rakiya R. E. Akwa-Diallo and Alpha Diallo Camara.

Judgment entered January 11, 2021.