**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:        In the Interest of H.W. and S.W., Children

Appellate case number:     01-21-00654-CV

Trial court case number:   91619-F

Trial court:               300th District Court of Brazoria County

On May 17, 2022, this Court abated this appeal and remanded to the trial court for appointment of new appellate counsel for appellant and for briefing on the merits. We ordered newly appointed counsel to file a brief on behalf of appellant within 30 days from the date counsel was appointed. Recognizing that appeals from judgments terminating parental rights are accelerated appeals, we cautioned that counsel who agrees to handle this appeal should do so only if he or she can satisfy the briefing deadlines set by this Court and noted that extensions would not be granted absent extraordinary circumstances.

On May 18, 2022, the trial court granted appellant's prior counsel's motion to withdraw, and appointed Tiffany Carroll-Curtis to represent appellant. Appellant's brief was therefore due on June 17, 2022. On June 14, 2022, Ms. Curtis, on behalf of appellant, moved for a 60-day extension of time in which to file appellant's brief. She filed an amended motion for extension on June 16 requesting the same relief. In support, counsel states that she is currently working on two other highly contested matters, she did not receive the 23-volume reporter's record until 10 days before the appellant's brief was due, she was previously unaware that Appellant was incarcerated, and she needs additional time to adequately research all issues and prepare the appellant's brief.

On June 17, before this Court had an opportunity to rule on Appellant's extension requests, Appellant filed a brief. The brief does not comply with Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1. Among other things, Appellant's brief:

- Does not include in the index of authorities the pages of the brief where the authorities are cited;

- Includes inaccurate facts and citations to the record and inaccurately identifies the parties in the Statement of the Case;

- Does not include record citations in the Statement of the Facts; and

- Does not contain "appropriate citations to authorities and to the record" in much of the argument section.

TEX. R. APP. P. 38.1(c), (d), (g), (i); *see also Walker v. Davison*, No. 01-18-00431-CV, 2019 WL 922184, at *2 (Tex. App.—Houston [1st Dist.] Feb. 26, 2019, no pet.) (mem. op.) ("Adequate briefing [requires] proper citation to the record . . . ."); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.) ("If record references are not made or are inaccurate, misstated, or misleading, the brief fails.").

Because Appellant's brief does not comply with Texas Rule of Appellate Procedure 38.1, we strike Appellant's brief. We further **grant in part and deny in part** Appellant's amended motion for extension of time. We **order** Appellant to file a corrected brief in compliance with Texas Rule of Appellate Procedure 38.1 within **45 days** from the date of this order. Appellant's corrected brief is due **August 5, 2022**. **No further extensions will be granted.**

Appellee's brief is due 20 days from the date Appellant files a compliant brief. TEX. R. APP. P. 38.6(b).

It is so **ORDERED**.


Judge's signature: /s/ Amparo Guerra
                          Acting Individually

Date: June 21, 2022