**DISMISSED and Opinion Filed August 25, 2022**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00313-CV

**LARRY LEE DAVIS, Appellant**
**V.**
**BEN BRIDGE JEWELRY, INC. D/B/A BEN BRIDGE JEWELRY, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-17679**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Osborne

Pro se appellant Larry Lee Davis appeals the trial court's judgment granting appellee's traditional and no-evidence motion for summary judgment. Because appellant failed to file a brief that complies with the rules of appellate procedure, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(c).

## BACKGROUND

Representing himself pro se, Davis filed suit against appellee Ben Bridge Jewelry, Inc. d/b/a Ben Bridge Jewelry ("Ben Bridge") alleging criminal malicious prosecution, fraud by nondisclosure, negligent misrepresentation, and intentional

infliction of emotional distress. Davis alleged that Ben Bridge's former employee falsely accused him of beating and robbing her of a Rolex watch. Davis pleaded that the employee's actions caused his arrest, and he alleged that he was "subsequently forced to plea bargain for a crime he repeatedly told his attorney and the prosecutor that he did not commit."

After answering, Ben Bridge filed a first amended traditional and no-evidence motion for summary judgment. Davis responded and Ben Bridge filed a reply. The motion was heard by submission on March 29, 2021 and granted by order of the same date. Davis now appeals the trial court's take-nothing judgment.

On August 5, 2021, Davis filed his appellant's brief. In a letter dated August 24, 2021, the Court notified Davis that his brief failed to meet the following briefing requirements:

1.    It did not contain a complete list of all parties to the trial court's judgment or appealable order with the names and addresses of all trial and appellant counsel. TEX. R. APP. P. 38.1(a).

2.    The table of contents did not indicate the subject matter of each issue or point, or group of issues or points. TEX. R. APP. P. 38.1(b).

3.    It did not contain a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references. TEX. R. APP. P. 38.1(d).

4.    The argument did not contain appropriate citations to authorities. TEX. R. APP. P. 38.1(i).

5.    The argument did not contain appropriate citations to the record. TEX. R. APP. P. 38.1(i).

6.    It did not contain a proper certificate of compliance. TEX. R. APP. P. 9.4(i)(3).

–2–

7.    It did not contain a proper certificate of service. TEX. R. APP. P. 9.5(e)(2), (3).

8.    The trial court's judgment was omitted from the appendix. TEX. R. APP. P. 38.1(k)(1)(A).

We cautioned Davis that a failure to file an amended brief that complied with the Texas Rules of Appellate Procedure within 10 days of the date of the letter "may result in dismissal of this appeal without further notice from the Court. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b), (c)."

On September 3, 2021, Davis filed "Appellant's Brief Corrected." Although Davis made some changes in his corrected brief, he did not correct all deficiencies that we identified in our letter dated August 24, 2021. Among other deficiencies, Davis made no changes to his argument section, and the corrected brief lacked an appendix containing the trial court's judgment.

## ANALYSIS

In Texas, an individual who is a party to civil litigation has the right to represent himself at trial and on appeal. TEX. R. CIV. P. 7. The right of self-representation carries with it the responsibility to adhere to our rules of appellate procedure. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Courts regularly caution pro se litigants that they will not be treated differently than a party who is represented by a licensed attorney. *Id.* To comply, an appellant must articulate the issues that we are asked to decide. *Steele v. Humphreys*, No. 05-19-00988-CV, 2020 WL 6440499, at *2 (Tex. App.—Dallas

–3–

Nov. 3, 2020, no pet.) (mem. op.). The brief fails if we must speculate or guess about an appellant's contentions. *Id.*

We are not responsible for identifying possible trial court error, searching the record for facts that may be favorable to a party's position, or doing legal research that might support a party's contention. *Id.* "Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become an advocate for that party." *Bolling*, 315 S.W.3d at 895.

Our appellate rules have specific requirements for briefing, including specifically, in this case, rule 38.1. *See* TEX. R. APP. P. 38.1. Rule 38.1 requires an appellant to state concisely the complaint that he may have; provide understandable, succinct, and clear argument for why his complaint has merit in fact and law; and cite and apply law that is applicable to the complaint being made along with appropriate record references. *See* TEX. R. APP. P. 38.1(f), (h), (i). "Importantly, statements of fact must be supported by direct references to the record that are precise in locating the fact asserted." *Bolling*, 315 S.W.3d at 896. "If record references are not made or are inaccurate, misstated, or misleading, the brief fails." *Id.* "And, just as importantly, existing legal authority applicable to the facts and the questions we are called on to answer must be accurately cited." *Id.* "References to legal authority that have nothing to do with the issue to be decided are contrary to the requirement of rule 38.1(i)." *Id.* "If we are not provided with existing legal authority that can be applied to the facts of the case, the brief fails." *Id.*

We do not adhere to rigid rules about the form of briefing when deciding whether an appellant's brief is deficient. *Id.* at 895. We do, however, examine briefs for compliance with the briefing rules. *Id.* If, after a close examination, we can conclude a brief complies with the Texas Rules of Appellate Procedure, then we submit the appeal for review and decision on the merits. *Id.* If, however, we cannot conclude that a brief is compliant, then we may dismiss the appeal as authorized by our appellate rules. *See* TEX. R. APP. P. 42.3(c); *Bolling*, 315 S.W.3d at 895–96.

Here, Davis filed his brief, and the Court determined that it was deficient. We notified Davis by letter dated August 24, 2021, of the specific deficiencies and instructed him to file an amended brief that complied with the Texas Rules of Appellate Procedure. We specifically notified Davis that his original brief was deficient in numerous ways, including that the argument did not contain appropriate citations to authorities or appropriate citations to the record. *See* TEX. R. APP. P. 38.1(i).

Although Davis timely filed a corrected brief, the argument section, which is roughly one and a half pages in length, is identical to the argument section in his original brief. His argument contains no citations to the record. As in his original brief, Davis cites only one case in his argument, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004), for the proposition that pleadings should be liberally construed in favor of a plaintiff and that the court should look to a pleader's intent. But we cannot ascertain how this legal authority is relevant to an

issue to be decided in this appeal, and Davis cites no other legal authority in his argument. He appears to complain that he was denied due process in various ways including limiting "the time allowed by Texas Rules of Civil Procedure to respond to pleadings put forth by the Defendant," but fails to "identify or apply any law to any fact that might support such a complaint." *See Bolling*, 315 S.W.3d at 897. Without legal analysis or citation to the record, Davis has preserved nothing for our review. *See Steele*, 2020 WL 6440499, at *3.

Because Davis failed to comply with the briefing requirements of the rules of appellate procedure after having been given the opportunity to do so, we dismiss his appeal. *See* TEX. R. APP. P. 42.3(c); *Bolling*, 315 S.W.3d at 895–97.

## CONCLUSION

The appeal is dismissed.

/Leslie Osborne//

LESLIE OSBORNE
210313f.p05                                  JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LARRY LEE DAVIS, Appellant

No. 05-21-00313-CV     V.

BEN BRIDGE JEWELRY, INC.
D/B/A BEN BRIDGE JEWELRY,
Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-17679.
Opinion delivered by Justice
Osborne. Justices Myers and Nowell
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee Ben Bridge Jewelry, Inc. d/b/a Ben Bridge Jewelry recover its costs of this appeal from appellant Larry Lee Davis.

Judgment entered this 25th day of August, 2022.