**Opinion issued November 26, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00083-CV

————————————

**VALERIE MONIC MINNARD, Appellant**

**V.**

**THE PARK AT SUTTON HILL, ET AL, Appellees**

---

**On Appeal from County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1214966**

---

## MEMORANDUM OPINION

Appellant, who is proceeding pro se, filed an appellant's brief on October 10, 2024. The brief failed to comply with the briefing requirements of Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1. By order issued on October 17, 2024, the Court struck this brief and ordered appellant to file a corrected brief. The

order specified the deficiencies and ordered a corrected brief to be filed within 30 days and warned that if appellant failed to comply with the order, the appeal might be dismissed. *See id.* 38.9(a), 42.3(b), 43.2(f); *see also Pathan v. Barboza*, No. 01-23-00783-CV, 2024 WL 1774220, at *1 (Tex. App.—Houston [1st Dist.] Apr. 25, 2024, no pet.) (mem. op.). On November 18, 2024, appellant filed a corrected brief, but this brief fails to comply with this Court's October 17, 2024 order.

An appellate brief acquaints the court with issues and argument that enables the court to decide the case. *See Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.). The Rules of Appellate Procedure provide the requirements for content and organization of an appellant's brief and require, among other things, for citation to the record and to authorities. *See* TEX. R. APP. P. 38.1; *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.). When a brief fails to present clear and concise argument as well as appropriate citations to authorities, "the appellate court is not responsible for doing the legal research that might support a party's contentions." *Irisson v. Lone Star Nat'l Bank,* No. 13-19-00239-CV, 2020 WL 6343336, at *3 (Tex. App.—Corpus Christi-Edinburgh Oct. 29, 2020, no pet.) (mem. op.). Moreover, a court is unable to discharge its responsibility of reviewing the appeal and deciding disposition of the appeal when the court is not provided with

proper briefing. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Although a party has a right to represent herself on appeal, pro se litigants are held to the same standards as licensed attorneys and must comply with the Texas Rules of Appellate Procedure. *See Garrett v. Lee*, No. 01-21-00498-CV, 2021 WL 5702177, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.).

Appellant was given an opportunity to file a corrected brief in compliance with the Texas Rules of Appellate Procedure, but she failed to do so. *See Pathan*, 2024 WL 1774220, at *3. Appellant's corrected brief contains no citation to the record in her statement of facts and entirely lacks any argument with citations to the record and to authority.

"Where, as here, an appellant files an appellant's brief that does not comply with the Texas Rules of Appellate Procedure and then files a corrected brief or amended brief that also does not comply, 'the [appellate] court may strike the brief, prohibit the [appellant] from filing another, and proceed as if the [appellant] had failed to file a brief.'" *Id.* (quoting TEX. R. APP. P. 38.9(a)).

Accordingly, we strike appellant's corrected brief, and we dismiss the appeal. *See* TEX. R. APP. P. 38.9(a), 42.3(b), 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Kelly, Hightower, and Guerra.