**Affirmed and Opinion Filed May 14, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00113-CV

**MARIA TORRES, Appellant**
**V.**
**THE NETHERLANDS INSURANCE COMPANY, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-04747**

# MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

This is an appeal from a no-evidence summary judgment that appellant take nothing in her lawsuit seeking judicial review of the final decision of the appeals panel of the Texas Department of Insurance, Division of Worker's Compensation (Division). Maria Torres filed the lawsuit to challenge the findings of the appeals panel and assert she was entitled to additional benefits for her injuries. The Netherlands Insurance Co. filed a no-evidence motion for summary judgment arguing Torres had no evidence she was entitled to additional benefits due to a compensable injury. Torres did not file a response or offer any evidence to counter the no-evidence motion. The trial court granted summary judgment. We conclude the trial court did not err by granting the no-evidence motion for summary judgment and affirm the trial court's judgment.

BACKGROUND

Torres worked for UBM Enterprises, Inc., which provided workers' compensation insurance through Netherlands. On August 9, 2013, Torres suffered a compensable injury in the course and scope of her employment while lifting a heavy trash bag. Torres notified UBM of her injuries and timely filed a claim for workers' compensation benefits. Netherlands accepted compensability for a cervical sprain only, while Torres claimed her injury extended to thoracic and left wrist sprains, cervical intervertebral disc disease, and a left wrist contusion. The Division appointed a doctor to determine Torres's maximum medical improvement, impairment rating, ability to return to work, and the extent of her compensable injury. Torres disagreed with the doctor's determinations and the Division held a benefit review conference in an attempt to mediate a resolution of the disputed issues. The parties did not reach agreement and a contested case hearing was held. After hearing from the parties and allowing a re-examination by the Division's doctor, the hearing officer rendered a decision that Torres had a disability resulting from a compensable injury through a specific date, but not thereafter. The hearing officer determined the compensable injury extended to a left wrist strain and contusion, but not to a thoracic sprain or strain, left wrist sprain, or cervical intervertebral disc disease. The hearing officer ordered Netherlands to pay benefits in accordance with his decision.

Torres appealed the decision to the appeals panel of the Division. The appeals panel adopted the decision and findings of the contested case hearing officer. Torres timely filed this lawsuit on April 27, 2015 seeking judicial review of the appeals panel decision. Almost two years later, appellant's attorney filed a letter notifying the trial court of a potential settlement and requested the case be placed on the sixty-day dismissal docket pending completion of the settlement. The settlement was never concluded, however. Appellant's attorney withdrew from the case by order dated June 6, 2017. Four months later, Netherlands filed a no-evidence motion

for summary judgment. Netherlands argued Torres was not entitled to additional benefits because she could present no evidence that: (a) she had disability resulting from the compensable injury during the period February 24, 2014 to September 2, 2014 (date of the contested case hearing); (b) she did not reach maximum medical improvement on December 23, 2013; (c) her impairment rating is not one percent; and (d) the compensable injury of August 9, 2013 extends to include a thoracic sprain or strain, a left wrist sprain, or cervical intervertebral disc disease. Torres did not file a response to the motion. The trial court granted the no-evidence motion on November 28, 2017. Torres filed a motion to reinstate the case arguing she was "really hurt and the insurance company should pay for all [her] damages." The motion was overruled by operation of law and Torres timely filed a notice of appeal.

Torres submitted several letters to this Court, which we construed as her appellate brief. The clerk's office notified her that her brief did not comply with the requirements of appellate rule 38.1 and requested an amended brief to correct the deficiencies. *See* TEX. R. APP. P. 38.1. We then granted, at appellant's request, two 60-day extensions to file a corrected brief. Appellant again filed a letter vaguely describing her disagreement with the trial court and her unsuccessful attempts to hire a lawyer. Appellant's filings did not correct the deficiencies identified in the clerk's notice.

DISCUSSION

Torres is not represented by an attorney in this appeal. Pro se litigants, such as Torres, are required to adhere to the rules of evidence and procedure, including the appellate rules of procedure. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Pro se litigants will not be treated differently than a party who is represented by a licensed attorney. *Id.* We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with

–3–

applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* at 212.

Torres states in her letters that she lost her case because her lawyer "did not produce sufficient evidence" and she was "not fairly judged." Torres's letters do not cite to the record or to authority or argue how the trial court erred by granting the no-evidence motion for summary judgment when no response was filed to the motion. She was advised of the defects in her filings and given ample time to correct those deficiencies. She failed to do so.

After an adequate time for discovery, a party may file a no-evidence motion for summary judgment stating there is no evidence of one or more essential elements of a claim or defense on which the opposing party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The motion must state the elements as to which there is no evidence. The opposing party must then present evidence that raises a genuine issue of material fact as to the challenged elements. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

More than two years after this lawsuit was filed, Netherland filed a no-evidence motion for summary judgment specifically challenging the evidence on several elements of Torres's claim. The record here shows no evidence was filed by Torres in response to the no-evidence motion. Based on this record, the trial court did not err by granting the no-evidence summary judgment. Tex. R. Civ. P. 166a(i) ("The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."). Therefore, we affirm the trial court's judgment.

### CONCLUSION

Appellant failed to establish that the trial court erred by granting the motion for summary

judgment.  The trial court's judgment is affirmed.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE


180113F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARIA TORRES, Appellant

No. 05-18-00113-CV      V.

THE NETHERLANDS INSURANCE
COMPANY, Appellee

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-04747.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee THE NETHERLANDS INSURANCE COMPANY
recover its costs of this appeal from appellant MARIA TORRES.

Judgment entered this 14th day of May, 2019.