**Dismissed; Opinion Filed October 30, 2019.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-18-01098-CV

**FAYE M. SEARCY AND BOBBY C. SEARCY AND/OR ALL OCCUPANTS, Appellants**
**V.**
**CITIMORTGAGE, INC., Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-03555-D**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

This is a forcible detainer action. Following a bench trial, the county court at law determined appellee CitiMortgage, Inc. had a superior right to possess the property at issue. Appellants Faye M. Searcy and Bobby C. Searcy, acting pro se, raise three issues on appeal and request we reverse the trial court's judgment and render judgment in their favor. However, because appellants failed to provide the Court with a brief that complies with the rules of appellate procedure, we dismiss their appeal.

A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Strange v. Cont'l Casualty Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied). Among other things, an appellant's brief must contain an index of authorities indicating the pages of the brief where the authorities are cited, a concise

statement of the facts supported by record references, and "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1 (c), (g), (i). "Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.); *see Crenshaw v. Hous. Auth. of City of Dallas, Texas-Cliff Manor*, No. 05-18-00143-CV, 2019 WL 1486890, at *2 (Tex. App.—Dallas Apr. 4, 2019, no pet.) (mem. op.). We are not responsible for identifying possible trial court error, for searching the record for facts that may be favorable to a party's position, or for doing legal research that might support a party's contention. *See Bolling*, 315 S.W.3d at 895. "Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our rule as judges and become an advocate for that party." *Id.*

We do not adhere to rigid rules about the form of briefing when deciding whether an appellant's brief is deficient. We do, however, examine briefs for compliance with the briefing rules. After a close examination, if we can conclude a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and decision on the merits. If we cannot, we may dismiss the appeal as we are authorized to do by our appellate rules. TEX. R. APP. P. 42.3(c); *Bolling*, 315 S.W.3d at 895–96.

Appellants initially filed their brief on January 18, 2019. On February 6, 2019, the Court sent a letter to appellants informing them that their brief did not satisfy the requirements of Rule 38 and was deficient in the following respects: (1) the brief did not contain an index of authorities arranged alphabetically and did not indicate the pages of the brief where the authorities were cited; (2) the brief did not contain a concise statement of the facts supported by record references; (3) the argument did not contain appropriate citations to authorities or the record; and (4) the brief did not contain a proper certificate of compliance or certificate of service. The February 6 letter stated:

"Failure to file an amended brief that complies with the Texas Rules of Appellate Procedure within 10 days of the date of this letter may result in dismissal of this appeal without further notice from the Court." Appellants filed their amended brief on February 19, 2019.

Like their initial brief, appellants' amended brief is deficient. The amended brief does not cite any authorities and, therefore, the index of authorities does not indicate the pages of the brief where the authorities are cited, the statement of facts is not supported by record references, and the brief does not include a summary of their arguments or any legal arguments. *See* TEX. R. APP. P. 38.1 (c), (g), (h), (i). Because appellants failed to comply with the briefing requirements of our appellate rules after being given the opportunity to do so, we dismiss appellants' appeal.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

181098F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FAYE M. SEARCY AND BOBBY C. SEARCY AND/OR ALL OCCUPANTS, Appellants

No. 05-18-01098-CV     V.

CITIMORTGAGE, INC., Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-18-03555-D.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee CITIMORTGAGE, INC. recover its costs of this appeal from appellants FAYE M. SEARCY AND BOBBY C. SEARCY AND/OR ALL OCCUPANTS.

Judgment entered this 30th day of October, 2019.