**Dismissed and Opinion Filed May 16, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00048-CV

**ERNESTINA GARCIA, Appellant**
**V.**
**RACHEL RUCKER, RICKY AVINA, AND DESTINY RUCKER, Appellees**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-11929-D**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Osborne

Pro se appellant Ernestina Garcia appeals the trial court's judgment that she take nothing from appellees Rachel Rucker, Ricky Avina, and Destiny Rucker on her claims seeking damages for defamation. The Court previously determined that Garcia's brief was deficient and instructed her to file an amended brief that complies with the Texas Rules of Appellate Procedure. Our May 11, 2021 notice to Garcia stated that "[f]ailure to file an amended brief that complies with the Texas Rules of Appellate Procedure within 10 days of the date of this letter may result in dismissal of this appeal without further notice from the Court." Garcia did not respond or file

an amended brief. Because Garcia's brief does not comply with long-established briefing rules, we dismiss her appeal.

On August 16, 2019, Garcia filed suit against appellees, alleging that she was "suing these people for defamation, emotional damage to me and my whole family, constant harassment, bad attitude, racist and offensive comments, [and] damage to my integrity and reputation." The parties appeared for trial on January 19, 2021. In a judgment rendered the same day, the trial court ordered that Garcia take nothing from the defendants, reciting that "[i]t appearing to the Court after hearing the argument and evidence presented by the Plaintiff; that Plaintiff has not proven its causes of action against the Defendants." Garcia timely filed a notice of appeal and, after requesting and obtaining an extension of time, an appellate brief.[1]

Parties to civil litigation in Texas may represent themselves at trial or on appeal. TEX. R. CIV. P. 7; *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). The right of self-representation carries with it the responsibility to comply with our rules of appellate procedure. *Bolling*, 315 S.W.3d at 895 (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). Courts regularly caution pro se litigants that courts will not treat them differently from a party who is represented by a licensed attorney. *See Mansfield State Bank*, 573 S.W.2d at 184–85; *Bolling*, 315 S.W.3d at 895.

---

[1] In the docketing statement filed with the Court, Garcia stated that she did not request the reporter's record.

Our appellate rules have specific requirements for briefing. TEX. R. APP. P. 38. These rules require appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record. TEX. R. APP. P. 38.1(f), (h), (i). To comply with rule 38.1(f), an appellant must articulate the issues we will be asked to decide. *Bolling*, 315 S.W.3d at 896. "[W]e must be able to discern what question of law we will be answering." *Id.* The brief fails if we must speculate or guess about the appellant's contentions. *Id.*

We may discharge our responsibility to review an appeal and make a decision that disposes of an appeal only when we are provided with proper briefing. *Id.* at 895. We are not responsible for identifying possible trial court error, for searching the record for facts that may be favorable to a party's position, or for doing legal research that might support a party's contention. *Id.* "Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become an advocate for that party." *Bolling*, 315 S.W.3d at 895. We do not adhere to rigid rules about the form of briefing when deciding whether an appellant's brief is deficient. We do, however, examine briefs for compliance with the briefing rules. After close examination, if we can conclude a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and decision on the merits. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam) (appellate court

should reach the merits of an appeal whenever reasonably possible). If we cannot, we may dismiss the appeal as we are authorized to do by our appellate rules. TEX. R. APP. P. 42.3(c); *Bolling*, 315 S.W.3d at 895–96.

On April 2, 2021, Garcia requested an extension of time to file her brief. We granted her motion by order of April 5, 2021, extending the time to file until May 3, 2021. Garcia filed a brief in this Court on May 3, 2021. On May 11, 2021, the Clerk of the Court sent Garcia a letter informing her that her brief did not satisfy the requirements of appellate procedure rule 38 and contained fourteen deficiencies of form and substance. Among other deficiencies, the brief does not contain a concise statement of the facts supported by record references, a statement of the case, the issues or points presented for review, a statement of the arguments made, or citations to authorities. *See* TEX. R. APP. P. 38.1(d), (f), (g), (h), (i).

Garcia did not respond to our May 11, 2021 notice of the deficiencies in her brief. Consequently, on July 2, 2021, we ordered the appeal to be submitted on Garcia's May 3, 2021 brief. Because Garcia has failed to comply with the briefing requirements of our appellate rules after having been given the opportunity to do so, we dismiss her appeal.

/Leslie Osborne//

LESLIE OSBORNE
JUSTICE

210048f.p05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ERNESTINA GARCIA, Appellant

No. 05-21-00048-CV      V.

RACHEL RUCKER,  RICKY
AVINA, AND DESTINY RUCKER,
Appellees

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-19-11929-
D.
Opinion delivered by Justice Osborne.
Justices Myers and Nowell
participating.

In accordance with this Court's opinion of this date, the appeal is

**DISMISSED**.

Judgment entered this 16th day of May, 2022.

–5–