**DISMISS and Opinion Filed February 7, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-22-01049-CV**

_____

**IN THE ESTATE OF ROBERT S. KAM, DECEASED**

**On Appeal from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. PR-11-01368-3**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Pedersen, III
Opinion by Justice Pedersen III

This is an appeal from the probate court's order adopting and approving the

associate judge's judgment overruling appellant's contest to a trust agreement and

her brother's will. Asserting appellant, who is appearing pro se, has failed to file a

brief that complies with the rules of appellate procedure despite being given an

opportunity to do so, appellee has filed a motion to dismiss.[1] We grant the motion.

It is well-settled that litigants who represent themselves are held to the same

standards as licensed attorneys and must comply with the applicable procedural rules

---

[1] In the alternative, appellee sought an extension of time to file his response brief. However, he has since filed a "provisional" brief.

and properly present their case. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677-78 (Tex. App.—Dallas 2004, pet. denied). At the appellate level, litigants present their case by way of a brief. Because the appellant bears the burden of showing trial court error, an appellant's brief should "acquaint the court with the issues in a case and [] present argument that will enable the court to decide the case[.]" *See* TEX. R. APP. P. 38.9. To that end, the brief must contain a statement of facts and argument for the contentions made with appropriate citations to the record. *See id.* 38.1(g), (i). A court has no duty to search a record without guidance from an appellant to determine whether an assertion of error is valid, and a brief that does not cite to the record fails and justifies dismissal. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895-97 (Tex. App.—Dallas 2010, no pet.).

Appellant here filed a brief that, in relevant part, did not include citations to the record. In accordance with Texas Rule of Appellate Procedure 38.9, we informed appellant by letter of the defects in her brief, directed her to file a compliant brief, and cautioned her that failure to do so would result in dismissal of the appeal. *See* TEX. R. APP. P. 38.8(a)(1), 38.9, 42.3(b),(c). Appellant filed an amended brief, but, as appellee asserts, the amended brief also does not include citations to the record. Instead, it includes citations to the appendix that consists, in part, of what appears to be personal copies of exhibits and pleadings, some with extraneous annotations and markings.

In response to appellee's motion to dismiss, appellant explains her appendix is intended "to preserve valuable court time [and] focus only on the core elements of th[e] case[]" as the case "is quite old and there are a mountain of documents[.]"[2] She states, however, that if the Court "requires a different style of presentation," she would "be pleased to edit [her] presentation further" if we "red line [the] brief" and "provide [her] a comparable sample to follow[.]"

Our letter informing appellant about the defects in her brief and giving her an opportunity to file a corrected brief cited the pertinent rules she failed to follow. We are required to do nothing more. Were we to "red line [the] brief" and "provide [her] a comparable sample to follow[,]" we would be abandoning our role as judges and giving her an unfair advantage over appellee.

Because appellant has failed to file a brief that cites to the record, despite being given an opportunity to do so, we grant appellee's motion and dismiss the appeal. *See* TEX. R. APP. P. 42.3(c); *Bolling*, 315 S.W.3d at 897.


/Bill Pedersen, III/
_____
BILL PEDERSEN, III
JUSTICE

221049F.P05

---

[2] She also explains the annotations and markings are intended "to assist the court in focusing on the core testimony in the case that supports the arguments [she has] presented."



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE ESTATE OF ROBERT S.
KAM, DECEASED

No. 05-22-01049-CV

On Appeal from the Probate Court
No. 3, Dallas County, Texas
Trial Court Cause No. PR-11-01368-
3.
Opinion delivered by Justice
Pedersen, III, Chief Justice Burns and
Justice Molberg participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee David J. Kam, Individually, as Independent Executor of the Estate of Robert S. Kam, Deceased, and as Trustee of the Robert S. Kam Trust, as Amended and Restated recover his costs, if any, of this appeal from appellant Carol M. Kam.

Judgment entered February 7, 2023.