**DISMISS; and Opinion Filed September 12, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01037-CV**

**SHARON CRAVER, Appellant**

**V.**

**WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY, BUT SOLELY AS TRUSTEE FOR NATIONSTAR HECM ACQUISITION TRUST 2020-1, Appellee**

**On Appeal from the County Court**
**Kaufman County, Texas**
**Trial Court Cause No. 22C-123**

## MEMORANDUM OPINION
Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Smith

In this forcible detainer action, the county court at law determined that appellee Wilmington Savings Fund Society, FSB, Not Individually, But Solely as Trustee for Nationstar HECM Acquisition Trust 2020-1, had a superior right to possess the property at issue. Appellant Sharon Craver, acting pro se, appeals the trial court's judgment. Because she failed to provide the Court with a brief that complies with the rules of appellate procedure, we dismiss her appeal.

We liberally construe pro se pleadings and briefs, but we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). Otherwise, pro se litigants would have an unfair advantage over litigants represented by counsel. *Id.* at 212.

We do not adhere to rigid rules about the form of briefing, but we do examine whether an appellant's brief is deficient. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). The requirements for an appellant's brief are set out in Texas Rule of Appellant Procedure 38.1. *See* TEX. R. APP. P. 38.1. "Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling*, 315 S.W.3d at 895; *see Crenshaw v. Hous. Auth. of City of Dallas, Texas-Cliff Manor*, No. 05-18-00143-CV, 2019 WL 1486890, at *2 (Tex. App.—Dallas Apr. 4, 2019, no pet.) (mem. op.). We are not responsible for identifying trial court error, searching the record for facts that might be favorable to a party's position, or legal research that might support a party's contention. *See Bolling*, 315 S.W.3dd at 895. "Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become an advocate for that party." *Id.*

Craver filed a brief on January 9, 2023. On January 13, the Court informed her that the brief did not comply with the rules of appellate procedure and was deficient in the following respects:

(1) it did not contain a complete list of all parties to the trial court's judgment or appealable order with the names and addresses of all trial and appellate counsel;

(2) the table of contents did not indicate the subject matter of each issue or point, or group of issues or points;

(3) it did not contain an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities were cited;

(4) it did not contain a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references;

(5) it did not concisely state all issues or points presented for review;

(6) it did not contain a concise statement of the facts supported by record references; and

(7) the argument did not contain appropriate citations to authorities or to the record.

See TEX. R. APP. 38.1. The notice also informed Carver that the trial court's judgment, the jury charge and verdict, if any, and the trial court's findings of fact and conclusion of law, if any, were missing from the appendix to her brief. The notice concluding by stating: "Failure to file an amended brief that complies with the Texas Rules of Appellate Procedure within 10 days of the date of this letter may result in dismissal of this appeal without further notice from the Court."

By order dated January 25, we extended the time for Craver to file her amended brief until February 8. And, on February 9, we notified Craver that although she submitted a motion for filing, it was not filed because "it was submitted as an attachment to a brief cover page." We directed appellant to file a corrected motion within three days. Craver declined to do so and did not file an amended brief.

Because Carver failed to comply with the briefing requirements of our appellate rules after being given the opportunity to do so, we dismiss the appeal.

/Craig Smith/
CRAIG SMITH
JUSTICE

221037F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHARON R. CRAVER, Appellant

No. 05-22-01037-CV        V.

WILMINGTON SAVINGS FUND
SOCIETY, FSB, NOT
INDIVIDUALLY, BUT SOLELY
AS TRUSTEE FOR NATIONSTAR
HECM ACQUISITION TRUST
2020-1, Appellee

On Appeal from the County Court,
Kaufman County, Texas
Trial Court Cause No. 22C-123.
Opinion delivered by Justice Smith.
Justices Carlyle and Kennedy
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 12th day of September 2023.