**DISMISSED and Opinion Filed April 30, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-01203-CV**

**BRITTANY MORRIS, Appellant**

**V.**

**CREEKSIDE VILLAS APARTMENTS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-03684-B**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Smith

Pro se appellant Brittany Morris appeals the trial court's default judgment granting appellee Creekside Villas Apartments possession of the apartment in which she had become a holdover tenant and awarding appellee attorney's fees and costs. Because appellant has failed to present a brief that complies with the rules of appellate procedure, we dismiss her appeal. *See* TEX. R. APP. P. 42.3(c).

Appellant's brief consists of the following summary of the argument:

On June 22, 2022 Creekside Villas Apartments filed for an eviction due to a holdover for reasons stated in the lease agreement. In which I strongly disagree and do[] not feel the reason or reasons are yet to be proven or provided. I feel I was not given the opportunity to express or

mediate the reasons for the holdover before the eviction on June 22, 2022 and yet till this day. I have remained in my home at [apartment address] and had no incidents.

We liberally construe pro se briefs, but we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). Otherwise, pro se litigants would have an unfair advantage over litigants represented by counsel. *Id.* at 212.

We do not adhere to rigid rules about the form of briefing, but we do examine whether an appellant's brief is deficient. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). The requirements for an appellant's brief are set out in Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. "Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling*, 315 S.W.3d at 895. We are not responsible for identifying possible trial court error, searching the record for facts that may be favorable to a party's position, or doing legal research that might support a party's contention. *Id.* If we were to do so, "we would be abandoning our role as judges and become an advocate for that party." *Id.*

Appellant first submitted a brief on June 12, 2023. On June 14, 2023, this Court notified her by written order that her brief did not satisfy the requirements of

rule 38. Specifically, we notified appellant that a brief must contain: (1) a complete list of all parties; (2) a table of contents; (3) an index of authorities; (4) a concise statement of the case, the court proceedings, and the trial court's disposition of the case supported by record references; (5) a concise statement of all issues for review; (6) a concise statement of facts supported by record references; (7) a succinct, clear, and accurate statement of the argument made in the body of the brief; (8) argument with appropriate citations to authorities and the record; (9) a short conclusion that clearly states the nature of the relief sought; (10) an appendix that includes the documents listed in the rule; (11) a certificate of compliance; and (12) a certificate of service. *See* TEX. R. APP. P. 9.4(i)(3), 9.5(e), 38.1(a)–(d), (f)–(k). We noted that appellant's brief contained only a summary of the argument section, *see id.* 38.1(h), and ordered her to file an amended brief that complied with the rules no later than June 26, 2023. We cautioned appellant that failure to comply may result in dismissal of the appeal without further notice. *See id.* 38.8(a)(1), 42.3(b), (c).

Appellant submitted an amended brief on July 6, 2023, which this Court accepted and filed, along with an extension motion, on July 7, 2023. Although appellant added some party information, a statement of the case, a certificate of service, and a certificate of compliance, she did not correct the remaining deficiencies. Thus, as to her argument and issues presented, she provided only the summary of the argument as quoted above, which does not include a legal argument, analysis, or any citations to the record or legal authority. "Without adequate

briefing, [her] claim is nothing more than a personal opinion." *Bolling*, 315 S.W.3d at 897. "As such, it is not entitled to judicial review." *Id.*

Because appellant has failed to comply with the briefing requirements of the rules of appellate procedure after having been given the opportunity to do so, we dismiss her appeal. *See* TEX. R. APP. P. 42.3(c); *Bolling*, 315 S.W.3d at 895–97.


221203f.p05                                  /Craig Smith//
                                             CRAIG SMITH
                                             JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRITTANY MORRIS, Appellant

No. 05-22-01203-CV          V.

CREEKSIDE VILLAS
APARTMENTS, Appellee

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-22-03684-B.
Opinion delivered by Justice Smith. Justices Partida-Kipness and Nowell participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee CREEKSIDE VILLAS APARTMENTS recover its costs of this appeal from appellant BRITTANY MORRIS.

Judgment entered this 30th day of April 2024.