**Dismissed and Opinion Filed October 11, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-23-00515-CV

**FELIX CASTILLO, Appellant**
**V.**
**LUIS CASTILLO, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-02147-D**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

Appellant apparently complains of the trial court's judgment in this forcible

entry and detainer lawsuit. Because appellant has failed to present a brief that

complies with the rules of appellate procedure, we dismiss his appeal.

Appellee Luis Castillo sued appellant Felix Castillo in justice court. The case

was set for an "eviction bench trial." The justice court's judgment awarded appellee

possession of premises situated in Dallas, Texas. Appellant appealed that judgment

to the county court at law. That court entered judgment finding appellee had a greater

right to possession of the disputed property than did appellant. The trial court found

appellant was "liable of forcible entry detainer" and awarded appellee possession of the property. Appellant filed a notice of appeal. This appeal followed.

Appellant appears pro se in this Court.[1] On July 31, 2023, appellant tendered his appellant's brief in this Court.[2] On August 1, 2023, this Court granted appellant's motion for extension of time to file his brief and ordered the brief to be filed as of that date. The order stated appellant's brief did not satisfy the requirements the Texas Rules of Appellate Procedure and identified particular deficiencies. We directed appellant to file, no later than August 14, 2023, an amended brief that complied with the rules. The order stated, "We caution appellant that failure to comply may result in dismissal of the appeal without further notice. See [TEX. R. APP. P.] 38.8(a)(1), 42.3(b), (c)." (Emphasis in original.) On September 20, 2023, this Court entered an order stating appellant failed to file an amended brief that complied with the rules of appellate procedure as the August 1, 2023 order had directed. The order stated the appeal would be submitted on appellant's August 1, 2023 brief. The order stated

---

[1] "Pro se" is defined as "For one's own behalf; in person. Appearing for oneself, as in the case of one who does not retain a lawyer and appears for himself in court." Pro se, Black's Law Dictionary (8th ed. 1990).

[2] Appellant's brief states in full,

Appellant Brief

Plaintiff's Original Petition

1. Discovery Control Plan

The plaintiff is filing an investigation towards the defendant for fraud. The plaintiff had a sister that was dying from brain cancer and the plaintiff was told by the sister to take over her house payments since the plaintiff lived in that house. The plaintiff continued to make the house payments and kept all the receipts. The defendant was able to get the sister's signature and rushed over to a notary to sign personal documents in order for the defendant to take ownership of the house. The defendant is now ordering the plaintiff to leave the house immediately. The plaintiff is asking to keep living in the house that the sister ordered to take over the payments of.

appellee's brief was due within thirty days of the date of the order. Appellee did not file a brief in this appeal.

We liberally construe pro se briefs, but we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. See in re N.E.B., 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184–85 (Tex. 1978)). Otherwise, pro se litigants would have an unfair advantage over litigants represented by counsel. See id. at 212.

We do not adhere to rigid rules about the form of briefing, but we do examine whether an appellant's brief is deficient. See Bolling v. Farmers Branch Indep. Sch. Dist., 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). The requirements for an appellant's brief are set out in Rule 38.1 of the Texas Rules of Appellate Procedure. See TEX. R. APP. P. 38.1. "Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." Bolling, 315 S.W.3d at 895. We are not responsible for identifying possible trial court error, searching the record for facts that may be favorable to a party's position, or doing legal research that might support a party's contention. See id. If we were to do so, "we would be abandoning our role as judges and become an advocate for that party." See id.

Despite our August 1, 2023 order stating the requirements of Rule 38.1 of the rules of appellate procedure and our admonition of possible dismissal absent the

filing of a compliant appellant's brief, appellant failed to correct his brief's deficiencies. "Without adequate briefing, [his] claim is nothing more than a personal opinion." Id. at 897. "As such, it is not entitled to judicial review." Id.

Because appellant has failed to comply with the briefing requirements of the rules of appellate procedure after having been given the opportunity to do so, we dismiss his appeal. See TEX. R. APP. P. 42.3(c); Bolling, 315 S.W.3d at 897.

230515f.p05

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

FELIX CASTILLO, Appellant

No. 05-23-00515-CV      V.

LUIS CASTILLO, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-23-02147-D.
Opinion delivered by Justice Pedersen, III. Justices Molberg and Goldstein participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee LUIS CASTILLO recover his costs of this appeal from appellant FELIX CASTILLO.

Judgment entered this 11th day of October, 2024.