

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00246-CV

_____

JOE W. BYRD, Appellant

V.

BELLIS 5312 LAND TRUST, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2024-002029-1

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Joe W. Byrd, proceeding pro se, appeals the trial court's default judgment against him in a forcible-detainer suit. *See* Tex. Prop. Code Ann. § 24.002. However, because his briefing is inadequate and fails to identify any alleged errors, nothing is presented for our review. *See* Tex. R. App. P. 38.1. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2023, Byrd's property was sold to Appellee Bellis 5312 Land Trust (Bellis) at a foreclosure sale pursuant to the terms of a deed of trust that secured the property. *See* Tex. Prop. Code Ann. § 51.002. Despite Bellis's notices to vacate the property, Byrd refused to leave. In response, Bellis rust filed a forcible-detainer suit against Byrd in the justice court. The justice court called the case to trial,[1] but Byrd failed to appear, and a default judgment for possession was entered in favor of Bellis.

Byrd appealed the default judgment to a county court at law and sought a trial de novo. *See* Tex. R. Civ. P. 510.9, 510.10. The county court at law called the case to trial, but again, Byrd failed to appear, and a default judgment for possession was entered in favor of Bellis. Byrd filed his notice of appeal with this court. A writ of

---

[1]During the pendency of the case, Byrd filed for bankruptcy twice, and each time, the trial court stayed the case. Both bankruptcy proceedings were subsequently dismissed.

possession was issued on June 18, 2024, and executed on June 21, 2024. *See* Tex. Prop. Code. Ann § 24.0061.

## III. DISCUSSION

Byrd fails to identify or explain how the trial court supposedly erred. His brief—noncompliant and woefully inadequate—lacks record references, case law citations, or substantive legal analysis, and consequently, he presents nothing for our review.

### A. APPLICABLE LAW

An appellant bears the burden of identifying and explaining how the trial court erred. *Gunderson v. Nat'l Indoor RV, LLC*, No. 02-24-00025-CV, 2024 WL 3365233, at *2 (Tex. App.—Fort Worth July 11, 2024, no pet. h.) (mem. op.). A crucial part of that burden is the appellant's responsibility to "present argument that will enable the [appellate] court to decide the case" by filing a brief that "state[s] . . . the facts . . . supported by record references" and "contain[s] a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(g), (i), 38.9; *see also Gunderson*, 2024 WL 3365233, at *2.

While we construe appellate briefs liberally and attempt to reach the merits of the dispute whenever reasonably possible, *see* Tex. R. App. P. 38.9; *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019), absent "appropriate 'citation[s] to the record[,] . . . citations for legal references,' and 'substantive [legal] analysis,' a brief is inadequate to present an issue for our review, and the issue is waived." *Gunderson*, 2024 WL

3

3365233, at *2 (quoting *NexPoint Advisors, L.P. v. United Dev. Funding IV*, 674 S.W.3d 437, 446 (Tex. App.—Fort Worth 2023, pets. denied)); *see In re Guardianship of Onyebuchi*, No. 02-13-00401-CV, 2014 WL 4463114, at *2 (Tex. App.—Fort Worth Sept. 11, 2014, pet. denied) (mem. op.) (recognizing that "arguments raised on appeal that are unsupported by analysis or appropriate citation to legal authority and to the record present nothing for us to review").

### B. BYRD'S INADEQUATE BRIEFING

Byrd filed three briefs with this court—none of which complied with the Texas Rules of Appellate Procedure. Yet, the three briefs are not merely inadequate in form, but they are inadequate substantially as well. Byrd failed to point out any errors in the record and presents nothing for our review.

The first of his three briefs, apart from his table of contents and heading, contains only ten sentences.[2] Byrd contended, without any further elaboration, that his appeal was "an attempt to address numerous issues with respect to the conduct of the trial court." There are no record references or legal citations anywhere in Byrd's original brief. Byrd does not identify which "numerous issues" the trial court allegedly committed.

---

[2]Despite granting an extension—three separate times—to file his brief, Byrd's original brief was still over a month late.

We notified Byrd that his original brief did not comply with the Texas Rules of Appellate Procedure or with the Second Court of Appeals' Local Rules and identified eleven deficiencies, including the absence of:

(1.)    a list of all the parties and counsel, Tex. R. App. P. 38.1(a),

(2.)    an index of authorities, Tex. R. App. P. 38.1(c),

(3.)    a statement of the case with record references, Tex. R. App. P. 38.1(d),

(4.)    the issue presented, Tex. R. App. P. 38.1(f),

(5.)    a statement of facts with record references, Tex. R. App. P. 38.1(g),

(6.)    a summary of the argument, Tex. R. App. P. 38.1(h),

(7.)    a legal argument with record references and citations to legal authority, Tex. R. App. P. 38.1(i),

(8.)    a prayer, Tex. R. App. P. 38.1(j),

(9.)    an appendix, Tex. R. App. P. 38.1(k),

(10.)   a front cover, 2nd Tex. App. (Fort Worth) Loc. R. 1.A, and

(11.)   a certificate of compliance, Tex. R. App. P. 9.4(i).

We directed Byrd to file an amended brief that complied with the above requirements and warned that failure to do so may result in striking the brief he filed and dismissal of the appeal, or a waiver of noncomplying points. *See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3.[3]  Byrd responded with an amended brief—consisting of one

[3]Texas Rule of Appellate Procedure 38.9 provides that "substantial compliance" with the briefing rules is required. *See Horton*, 591 S.W.3d at 569–70.

5

page—that did not remedy any of the above-catalogued deficiencies. Instead, his amended brief sought to explain the tardiness of his original brief and was otherwise wholly unrelated to the merits, arguments, or bases of his appeal.

A few days later, Byrd filed a first amended brief, which addressed some of the deficiencies, including the identification of the parties, index of authorities, prayer, and certificate of compliance. However, his third brief was again devoid of record references, case law citations, or substantive legal analysis and—most notably—it did not identify an error for our review.

His statement of facts is nonexistent. *See* Tex. R. App. P. 38.1(g) (providing that statement of facts "must be supported by record references"); *Onyebuchi*, 2014 WL 4463114, at *1 (holding appellant inadequately briefed issues when his "brief contain[ed] a statement of facts, [but] he . . . failed to cite a single record reference throughout"); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.) (discussing briefing requirements and noting that "statements of fact must be supported by direct references to the record"). Moreover, not only is there not a section dedicated to the statement of facts, but the clerk's record is not cited anywhere in Byrd's brief. *See Shetty v. Arconic Inc.*, No. 01-19-00158-CV, 2020 WL 2026371, at *2 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.) (mem. op.) (holding issues inadequately briefed when appellant's "brief include[d] a recitation of the facts . . . [but] no record references"); *Bolling*, 315 S.W.3d at 896 (recognizing that "[i]f record references are not made . . . , the brief fails").

6

And the portion dedicated to Byrd's legal argument is likewise problematic because it does not provide a cogent argument that we can review—it contains no substantive legal analysis or explanation of why Byrd believes that he is entitled to relief.[4] *See Gunderson*, 2024 WL 3365233, at *3 (holding appellant inadequately briefed all issues due in part to brief's "complete absence of applicable case law or substantive legal analysis"). Byrd's argument, wholly unaccompanied by any record references or legal authority, is presumably made in two paragraphs.[5] *See Onyebuchi*, 2014 WL 4463114, at *1.

From what we can parse out from the paragraphs, Byrd attempts to make three arguments—all inadequately briefed or unpreserved. First, Byrd asserts that, pursuant to a judgment of the 352nd District Court, he is the owner of the property in question.[6] However, he points to nothing in the record that could be considered

---

[4]The one and only legal authority referenced by Byrd is Article 3, Section 5 of the Texas Constitution. Section 5 refers to the meetings and order of business by the Texas Legislative Department, which appears wholly irrelevant to the matters of his appeal. *See* Tex. Const. art. III, § 5.

[5]By not requesting the transcript, Byrd also elected to not provide us with the reporter's record.

[6]As the Supreme Court of Texas has explained, a "[j]udgment of possession in a forcible[-]detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession." *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). "The *only* issue in a forcible[-]detainer action is the right to actual possession of the premises." *Id.* at 785 (emphasis added). Thus, a forcible-detainer action may resolve only a claim for possession and related claims for unpaid rent and attorney's fees. *See* Tex. Prop. Code Ann. §§ 24.0051, .006; *Brigandi v. Am. Mortg. Inv.*

7

evidence of title. Second, he contends that the justice court and county court at law did not have jurisdiction over his case. Byrd maintains that only a district court has jurisdiction over real-estate matters.[7] The Texas Property Code is unambiguous on this issue: "a justice court in the precinct in which the real property is located has jurisdiction in eviction suits."[8] Tex. Prop. Code Ann. § 24.004(a). Eviction suits include forcible-entry-and-detainer and forcible-detainer suits, and a justice court has jurisdiction to issue a writ of possession under subsections 24.0054(a), (a-2), and (a-3). *See id.* Third and finally, he argues that the foreclosure was unlawful because the suit violated the statute of limitations. And yet, Byrd fails to identify the particular statute or direct us to anything in the record that pertains to this complaint.

Ultimately, Byrd does not pinpoint which specific statute or rule entitles him to relief, nor does he cite to any case law to support his arguments. *See Gunderson*, 2024 WL 3365233, at *4 (holding issues inadequately briefed when appellant broadly referenced "textbook law" without citation to legal authority). In fact, there are no case-law citations—zero—anywhere in Byrd's brief. *See id.* at *3 (holding issues inadequately briefed when "[t]he four sections of [the appellant's] brief . . . dedicate[d]

---

*Partners Fund I Tr.*, No. 02-16-00444-CV, 2017 WL 1428726, at *3 (Tex. App.—Fort Worth Apr. 20, 2017, pet. dism'd) (mem. op.).

[7]Byrd appears to confuse the forcible-detainer suit with a quiet-title suit.

[8]Byrd does not argue that the real property is in a precinct other than the one where the justice court heard the suit.

to his four appellate issues lack[ed] any case law whatsoever"). Instead, Byrd appears to assume that this court will fill in the gaps by sifting through the record, researching the relevant case law, and applying the specific provisions and precedent applicable to his case—presumably with the hope that we will select the statutes and precedent that benefit him the most.

It is Byrd's burden to discuss his assertions of error, and "we do not and cannot assume the responsibility of doing [Byrd's] briefing for [him]."[9]  *Id.* at *2 (quoting *De Los Reyes v. Maris*, No. 02-21-00022-CV, 2021 WL 5227179, at *9 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op.)).  We would be "abandon[ing] our role as a neutral adjudicator" were we to "search[ ] the record for facts . . . favorable to [a party's] position," "do[ ] the legal research that might support [his] contentions," and then "resolv[e] the appeal based on the legal arguments we crafted on [the party's] behalf."  *Id.* at *2–4 (internal quotations omitted); *Shetty*, 2020 WL 2026371, at *2; *Bolling*, 315 S.W.3d at 895.

Even construing Byrd's brief liberally, we are unable to determine what issues he intends to present for our review. *See* Tex. R. App. P. 38.1(f).  We are likewise unable to evaluate his argument because he made no citations to the record. *See* Tex.

---

[9]A pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and procedural rules. *In re T.H.*, No. 02-19-00300-CV, 2020 WL 5833624, at *2 (Tex. App.—Fort Worth Oct. 1, 2020, no pet.) (per curiam) (mem. op.); *Flores v. Off. Depot, Inc.*, No. 02-10-00311-CV, 2011 WL 2611140, at *2 (Tex. App.—Fort Worth June 30, 2011, no pet.) (mem. op.).

R. App. P. 38.1(i).  Finally, without citations to legal authority, Byrd fails to illuminate why he should be entitled to relief.

Therefore, given the complete absence of case law in Byrd's brief, the lack of substantive legal analysis, the failure to include a statement of facts with record citations, and the omission of any references to the clerk's record whatsoever, we conclude that Byrd has inadequately briefed his appeal.  Accordingly, we hold that Byrd's complaints are waived.  *See Gunderson*, 2024 WL 3365233, at *4 (holding appellant waived all issues due to his "sparse record references, lack of legal citations, and failure to provide any meaningful analysis of his appellate issues"); *Shetty*, 2020 WL 2026371, at *2 (holding appellant "waived any error on appeal" when brief "include[d] no record references or citation to any legal authority whatsoever").

## IV.  CONCLUSION

Byrd has failed to substantially comply with the Texas Rules of Appellate Procedure, and such inadequate briefing prevents this court from addressing the merits of his appeal.  Therefore, we overrule any issues that Byrd intended to raise and affirm the trial court's judgment.  *See* Tex. R. App. P. 38.1, 38.9, 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  June 5, 2025