**Opinion issued October 21, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-01017-CV
_____

**THEODORE W. CARRERO, Appellant**

**V.**

**TIMOTHY CARRERO, Appellee**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-82289**

---

## MEMORANDUM OPINION

Appellant Theodore W. Carrero, proceeding pro se, filed a notice of appeal from the trial court's final judgment dated December 2, 2024.

We dismiss the appeal.

On August 25, 2025, Appellant filed his appellate brief. On September 4, 2025, this Court informed Appellant that his brief was not compliant with Rule of Appellate Procedure 38.1, which enumerates the requisites of an appellant's brief.[1] We struck the brief and afforded Appellant an opportunity to file a corrected brief. We advised Appellant that if a brief compliant with Rule 38.1 was not filed by September 19, 2025, his appeal could be dismissed without further notice. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f).

Appellant did not comply with this Court's order. On September 8, 2025, Appellant filed a brief that failed to address the problems identified in this Court's prior order. Like his original brief, Appellant's second brief fails to comply with Rule 38.1 in that the brief does not:

- Identify all parties to the trial court's judgment and their counsel;

- Contain a table of contents;

- Contain an index of authorities;

- Contain a statement of the case that "state[s] concisely the nature of the case . . . the course of proceedings, and the trial court's disposition of the case" and that is supported by record references;

- Concisely identify the issues presented;

---

[1] Appellant was advised the brief did not contain the required elements described in Rule 38.1(a) (identification of parties and counsel), 38.1(b) (table of contents), 38.1(c) (index of authorities), 38.1(d) (statement of case with record references), 38.1(f) (issues presented), 38.1(g) (statement of facts with record references), 38.1(h) (summary of argument), 38.1(i) (argument with citation to authorities and record), and 38.1(j) (prayer for relief).

- Contain a statement of facts that "state[s] concisely and without argument the facts pertinent to the issues or points presented" and that is supported by record references;

- Contain a summary of the argument that is a "succinct, clear, and accurate statement of the arguments made in the body of the brief" without "merely repeat[ing] the issues or points presented for review;"

- Contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and the record;" or

- Contain a prayer that "clearly states the nature of the relief sought."

*See* TEX. R. APP. P. 38.1(a), (b), (c), (d), (f), (g), (h), (i), (k). Appellate briefing requirements are mandatory. "Only when [the Court is] provided with proper briefing may [it] discharge [its] responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.).

A civil litigant has the right to represent himself at trial and on appeal. But the right of self-representation carries with it the responsibility to adhere to the rules of evidence and procedure, including the Rules of Appellate Procedure, if a party chooses to represent himself on appeal. *Steele v. Humphreys*, No. 05-19-00988-CV, 2020 WL 6440499, at *2 (Tex. App.—Dallas Nov. 3, 2020, no pet.) (mem. op.); *Bolling*, 315 S.W.3d at 895; *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978) ("[N]o basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in

3

determining whether [the] rules of procedure must be followed."). A pro se litigant is thus held to the same standard as a licensed attorney and must comply with the Rules of Appellate Procedure. *See Garrett v. Lee*, No. 01-21-00498-CV, 2021 WL 5702177, at \*2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.); *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-07-313-CV, 2008 WL 4053014, at \*2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) ("[A]ll parties appearing in the appellate courts of Texas must conform to the Texas Rules of Appellate Procedure.").

When, as here, an appellant is afforded the opportunity to refile a brief and subsequently files a brief that again fails to comply with the Rules of Appellate Procedure, an appellate court may strike the brief, prohibit appellant from filing another, and proceed as if the appellant failed to file a brief. *See* TEX. R. APP. P. 38.9(a); *Tucker v. Fort Worth & W. R.R. Co.*, No. 02-19-00221-CV, 2020 WL 3969586, at \*1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (striking amended brief and dismissing appeal for want of prosecution where appellant ordered to file amended brief but amended brief still did not comply with Texas Rules of Appellate Procedure); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at \*2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (same); *see also* TEX. R. APP. P. 38.8(a)(1) (where appellant has failed to file brief, appellate court may dismiss appeal for want of

prosecution), 42.3(b), 43.2(f).  When an appellant fails to file a brief, the Court may dismiss the appeal for want of prosecution.  TEX. R. APP. P. 38.8(a)(1); *Tyurin*, 2017 WL 4682191, at *2.

Because Appellant's second brief filed on September 8, 2025 fails to correct the identified deficiencies and does not comply with Rule 38.1, we strike his brief and we dismiss the appeal for want of prosecution.  *See* TEX. R. APP. P. 38.9(a), 42.3(b), 43.2(f); *Tyurin*, 2017 WL 4682191, at *2.  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.